Sexsmith vs. Smith, County Clerk, etc., and another.

---

SEXSMITH vs. SMITH, County Clerk, etc., and another.

EQUITY. *Injunction to restrain issue of tax deed; when court will refuse to interfere.*

1. Equity will not interfere by injunction in every case of threatened violation of legal rights.
2. In this case, the plaintiff having signed a petition requesting the common council of a city to order the improvement of a street on which his lot was situate, and not having made any objection to the action of the council in accordance with such petition until after the improvement was made, he is not entitled to an injunction restraining the issue of a tax deed upon the sale of his lot to pay the special assessment against it for such improvement, even though there were defects in the proceedings which rendered the order of the council illegal.

3· A court of equity, upon such an application, may properly give some weight to a provision of the city charter that the signing of a petition for the improvement of a street " shall be taken as a release of all claims for damages " on the part of any such signer.

4. The work done under contract in improving such street having been accepted by the proper officers as a full performance of the contract, the plaintiff cannot in this action raise the question whether the same was done according to the specifications.

APPEAL from the Circuit Court for *Fond du Lac* County.

The court below rendered a judgment in this action, in accordance with the prayer of the complaint, perpetually restraining the issue of a tax deed of a certain lot belonging to the plaintiff in the city of Fond du Lac, upon a tax certificate described in the complaint; and adjudging the tax certificate and sale to be void, etc.    The grounds upon which this relief was granted will sufficiently appear from the opinion.    The defendants appealed from the judgment.

*Knowles & Babcock*, for appellants, to the point that the plaintiff, by reason of his own acts, was not entitled to equitable interference, cited Herman on Estoppel, 521; *Motz v. City of Detroit*, 18 Mich., 496; *Brown v. Bowen*, 30 N. Y., 519; *Young v. Bushnell*, 8 Bosw., 1.

*Gillet & Taylor*, for respondent, argued that if the petition was not signed by the requisite number of owners, there was an entire lack of authority in the common council to act, and the tax was void, and plaintiff was entitled to have it set aside and the issuing of the deed enjoined, citing 4 Hill, 92 ; 9 Barb., 152; 6 id., 49 ; 2 Bosw., 173; 6 N. Y., 92; 20 id., 312; 9 Wis., 402; 15 id., 11; 13 id., 610; 17 id., 442; 18 id., 411; 20 id., 112, 437; 21 id., 184; 22 id., 301.    They also insisted that the contractor did not perform his contract in grading and paving the street, and therefore the city authorities had no power to issue the improvement certificates ; that the petition of the owners, even if signed by a sufficient number, would not have bound them to pay for grading and paving the street in a different manner from that petitioned for; and that the offi-

cers of the city could not bind the owners to pay for work which was not done, by accepting the work and releasing the contractor, especially when the work is shown not to have been done *substantially* as the contract requires. 22 N. Y., 162; 6 Bosw., 560.

COLE, J. Upon the facts of this case we are clearly of the opinion that the plaintiff was not entitled to a remedy by injunction from a court of equity. He seeks to restrain the county clerk from issuing a tax deed upon a tax certificate issued on the sale of his lot for a local improvement. The principal ground upon which he asks this relief is, that the improvement was made without any authority on the part of the common council of the city. The charter of the city of Fond du Lac (sec 3, ch. 13 of the charter) gives power to the street commissioners or board of public works, when authorized by the common council, to grade and pave streets at the expense of the adjoining lots, but provides that the common council shall have no authority to authorize the commissioners to make such improvement unless the owners of three-fifths of the number of feet frontage in the blocks fronting upon the street to be improved, and chargeable with the expense, shall petition the common council therefor — each petitioner stating the number of feet front of ground owned by him and affected by the work; and it is enacted that "the signing of any such petition shall be taken and construed as a release of all claims for damages for every such signer." Ch. 59, P. & L. Laws of 1868. In this case a petition was presented to the common council asking for the pavement of the street. The whole frontage of the street was 5010 feet; three-fifths of which is 3006 feet. The petition presented to the common council purported on its face to be signed by the owners of 3,059 feet; but the proof showed that one or two of the signers did not actually own as many feet frontage as the petition represented, and there was evidence that the name of one person was signed by his son,

who was not authorized to sign his father's name thereto. But the plaintiff signed the petition requesting the common council to order the pavement, and it does not appear that he made any complaint that there was any defect or irregularity in the proceedings while the improvement was being made. And not until the pavement had been made did he raise any objection that the petition upon which the work was ordered was not in compliance with the charter. Under these circumstances we do not think that he is entitled to the equitable interference of the court by injunction. For it is not for every violation of the legal rights of a party that a court of equity will interpose with this extraordinary writ. *Kellogg v. Ely*, 15 Ohio St., 64; *City of Burlington v. Gilbert*, 31 Iowa, 356; *S. C.*, 7 Am. R., 143; *Evansville v. Pfisterer*, 34 Ind., 36; *Motz et al. v. The City of Detroit et al.*, 18 Mich., 496. The remarks of C. J. COOLEY in the latter case, at the close of his opinion, will fully apply to the case before us. It was in compliance with the petition signed by the plaintiff that the common council ordered the improvement. The contractor knew this, and might well assume that so far as the plaintiff was concerned there would be no attempt to prevent the collection of the assessment. For, upon the facts, the plaintiff may well be considered as a willing and actively consenting party to all the proceedings which led to the assessment. Whether, therefore, the assessment is legally valid or not is immaterial for the present inquiry, since there is no ground on his part for the interposition of the court by way of injunction to restrain the execution of a tax deed by the clerk. If he has any legal remedy, he can resort to it. But he ought not to resort to equitable remedies for relief, when the only wrong of which he can now complain is that the common council acted favorably upon his petition requesting the improvement to be made. The charter makes the mere signing of the petition a release of all claims for damages on the part of each signer; and a court of equity may properly

give some weight to such a provision, when appealed to to grant an injunction.

There is some question made that the contractor did not perform the work of grading and paving the street according to the specifications. But the street commissioners accepted the work as a full and complete performance of the contract. The plaintiff is in no position now to inquire into that matter.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded with directions to dismiss the complaint.