ROCHE ET AL. v. THE CITY OF DUBUQUE ET AL.

1. **Taxation**: MUNICIPAL CORPORATION: NOTICE. A city ordinance contained the provision that "the city council may provide for the grading, paving, macadamizing or repairing of any street or alley * * * * and, in all cases of improvements for which a special tax is to be levied, notice shall be given by publication of a copy of such resolution in the official paper of the city not less than two weeks," and that after such publication the council might authorize the city engineer to advertise for bids: *Held*, that the terms of the ordinance were mandatory, and that the city council had no power to levy a tax upon the owners of abutting property for an improvement, when no notice had been given by publication.

*Appeal from Dubuque Circuit Court.*

WEDNESDAY, DECEMBER 29.

THIS is an action in equity to restrain the defendants from collecting the taxes assessed upon the property of plaintiffs, to pay the expense of grading, macadamizing and improving Third street in the city of Dubuque, upon which street the property of plaintiffs in question abuts.

On the 10th day of January, 1873, a temporary writ of injunction was issued, as prayed in the petition, and upon the final hearing the same was made perpetual. The defendants appeal.

*T. S. Wilson* and *Crane & Rood*, for appellants.

Statutes directing the mode of proceeding of public officers are directory and are not to be regarded as essential to the

validity of the proceedings themselves, unless so declared in the statute. (*Higgins v. Reed*, 8 Iowa, 298; *Shaw v. Orr*, 30 Id., 359; *Gale v. Mead*, 2 Denio, 161; *Pond v. Negus*, 3 Mass., 230; *People v. Supervisors*, 4 Seld., 317; *People v. Allen*, 6 Wend., 486.) By standing by and silently acquiescing in the improvements made in accordance with the change of grade, plaintiffs lost all right to complain that the change was not made in the manner prescribed in the ordinance. (*City of Burlington v. Gilbert*, 32 Iowa, 366; *Kellogg v. Ely*, 15 Ohio St., 66.) The establishment of a grade is not a condition precedent to the legal right of a city to make improvements at the cost of abutting owners, and hence the omission to change or establish a grade in the manner prescribed by the ordinance is no ground for equitable relief. (*Dill. on Corp.*, § 727.) It is no defense to an assessment for a street improvement upon abutting owners that they have been once assessed for a former improvement. (*Dill. on Corp.*, § 619; *Lafayette v. Fowler*, 34 Ind., 140; *Williams v. Detroit*, 2 Mich., 560; *Gurner v. Chicago*, 40 Ill., 165.) The omission to state the number of front feet in each lot in the assessment is not an error that will vitiate the whole assessment. (*Covington v. Boyle*, 6 Bush, 204; *St. Louis v. De None*, 44 Mo., 136.) Defendants should have applied to the council for relief and then carried the case to the courts by *certiorari*. (*Heyward v. Buffalo*, 14 N. Y., 539; *Susquehanna Bank v. Broome Co.*, 25 N. Y., 314.)

*H. T. McNulty* and *Griffith & Knight*, for appellees.

All ordinances of a municipal body, not merely directory, are as binding upon the corporation as upon the citizen, and can no more be disregarded by the one than the other. (*Dill. on Corp.*, §§ 245-6; *St. Louis v. Clemens*, 36 Mo., 467; *Swan v. Cumberland*, 9 Gill, (Md.), 150; *Wright v. Chicago*, 20 Ill., 252.) Where notice is required to be given, it cannot be dispensed with. (*Dill. on Corp.*, § 290; *Dubuque v. Hennessy*, 28 Iowa, 571.) The powers conferred on municipal corporations are to be strictly construed and closely pur-

sued. (Sedg. Const. and Stat. Law, p. 466.) The city had no right to let the contract for a re-grading without advertising for bids as the ordinance requires. (*Mitchell v. Milwaukee*, 18 Wis., 92; *Marsh v. St. Paul*, 11 Minn., 174; *Mills v. Burnham*, 20 Wis., 112.)

DAY. J.—In pursuance of their charter, the city council of defendant, on the 24th day of January, 1861, passed an ordinance regulating the mode to be adopted in case of improvements for which the abutting property is to be held liable, as follows:

"That the city council may by resolution provide for the grading, paving, macadamizing or repairing of any street or alley, or any portion of the same. * * * And in all cases of improvements for which a special tax is to be levied, notice shall be given by publication of a copy of such resolution in the official paper of the city not less than two weeks.

"After such publication, or if the same shall not be required, the council may at a regular meeting instruct the city engineer to advertise and receive bids for the performance of such work, and furnishing material for the same under contract, in accordance with plans and specifications to be furnished by the engineer."

Acting under the authority thus conferred, the city council on the 1st day of August, 1867, adopted a resolution, as follows:

"*Resolved*, That Third street be, and the same is hereby ordered to be graded from Bluff street west to Summit street, according to the grade established by the common council, commonly called Pattee's Grade, and resolved that said Third street be, and the same is hereby ordered to be macadamized and curbed and suitable gutters constructed on said Pattee's grade from Bluff to Summit street, and resolved that said grading, curbing, macadamizing and guttering be done according to plans and specifications furnished by the city engineer and committee on streets, and resolved, that said grading, curbing and macadamizing be done at the expense of the property holders abutting said Third street from Bluff street

to Summit street, after deducting from the gross cost the amount paid as subscriptions by the parties agreeing to pay amounts stated by them toward defraying the cost of said improvement, each abutting front foot is to pay the same amount; and resolved that the city engineer be and is hereby instructed to advertise at once two weeks for and receive bids for the performance of said work and furnishing the material required, which can be quarried or obtained on part of Third street to be improved, for the said macadamizing, grading, curbing and guttering; and resolved, that the contracts of said improvements shall provide for their completion before the 1st day of December next, and that the money subscribed be paid into the treasury before the work contemplated can proceed or contract be let."

Immediately upon the adoption of this resolution, the city engineer caused to be published in the Dubuque Daily *Times*, the official newspaper of the defendant, from August 2 to August 14 inclusive, a notice that sealed proposals would be received until the 17th of August, 1867, for the making of said improvements.

It is to restrain the collection of the taxes levied to pay for work done pursuant to this resolution, that this action is brought.

It will be observed that the ordinance of the city, above set out, provides that, in cases of improvements for which a special tax is to be levied, notice shall be given by publication of a copy of the resolution in the official paper of the city not less than two weeks, and that after such publication the council may, at a regular meeting, instruct the city engineer to advertise for bids. This notice was not given. Upon the contrary the resolution which authorized the improvement, and provided for the assessment of the cost upon the abutting property, directed the engineer to advertise at once for bids, and on the next day he published a notice that sealed proposals would be received until the 17th day of August, sixteen days from the time that the resolution directing the work was passed.

Hereon arises the only question which, in the view we take of the case, it is necessary to consider. The plaintiffs insist that the city council, without publishing the notice contemplated in the ordinance, had no jurisdiction to assess the cost of the improvement upon abutting property, and that the levy is void; whilst the defendants contend that the provision of the ordinance respecting notice is merely directory, and that a failure to comply with it does not affect the validity of the tax.

The language of the ordinance is clearly mandatory. It provides that, after such publication, the council may instruct

1. TAXATION: municipal corporation: notice.

their engineer to advertise. No authority is conferred upon the council to direct an advertisement until after the required notice has been given. It is a familiar doctrine that where a statute directs a thing to be done in a specified manner, there is an implied inhibition upon doing it in any other manner.

But this question needs not now be discussed upon principle. In the *City of Dubuque v. Wooton*, 28 Iowa, 571, this ordinance received construction, and it was there held that the publication prescribed in the ordinance is necessary in order to authorize the city to enforce, in any manner, the collection of the tax.

It is unnecessary to notice any of the remaining objections urged to the tax. The decree of the court restraining its collection is

AFFIRMED.