## CITY OF CHARITON v. HOLLIDAY.

60   391
6118  723·

60   391
134   113

60   391
144   630

1. **Cities and Towns**: SIDEWALKS: RESCINDING RESOLUTION TO CONSTRUCT. Where a city ordinance provided that the council might, by resolution adopted by a three-fourths vote, order the building of sidewalks, and a resolution was duly passed thereunder, but afterwards a motion to repeal such resolution was voted for by a majority, but not by three-fourths, of the council, and the mayor declared the motion lost for want of a three-fourths vote, *held* that the motion to repeal was nevertheless passed, and that the city could not enforce payment for a walk built under such resolution from the owner of adjacent property.

2. ————: ————: VOTE OF COUNCIL: DECISION OF MAYOR: COLLATERALLY ATTACKED. In such case, the declaration of the mayor that the motion was lost did not amount to an adjudication which could not be collaterally attacked.

3. ————: ————: JURISDICTION: IRREGULARITIES. The "informality, irregularity or defect," notwithstanding which a city may recover from a property owner, under section 479 of the Code, for a sidewalk built along his premises, must be a mere error or omission to do something which in no manner affects the jurisdiction of the city to build the walk. But where the resolution, as in this case, was repealed, the city had no jurisdiction to build the walk.

4. ————: ————: ASSESSMENT OF COST: IRREGULARITY. Where a general sidewalk ordinance provided the mode of assessing the cost of sidewalks, it was not necessary that a resolution thereunder for the building of a particular sidewalk should also so provide; and the omission of the council to assess the cost in the manner provided was but an irregularity, which should not defeat a recovery by the city of the actual and *bona fide* cost of the walk.

5. ————: ————: ORDINANCE: NOTICE TO PROPERTY OWNERS. Where a sidewalk ordinance provides for personal service of notice upon known property owners, and also for service by publication, "which publication shall be constructive notice to all non-resident property owners interested," a resident who has been personally served cannot complain that no publication of the notice was made.

6. ————: ————: ————: RESOLUTION. In this case, where the ordinance prescribed generally the width of walks, the materials of which and the manner in which they should be constructed, and the resolution provided that the walk should be constructed as provided in the ordinance, this was a sufficiently specific designation of the width, materials and manner of construction.

*Appeal from Lucas District Court.*

MONDAY, JANUARY 18.

ACTION to recover for sidewalks constructed by the plaintiff, on a street in front of the defendant's premises. Trial to the court, judgment for the defendant, and the plaintiff appeals.

*Stuart Bros.*, for appellant.

*W. S. Dungan*, for appellee.

SEEVERS, J.—I. *As to the North Street sidewalk.* The city council passed an ordinance, general in its character, providing that the council might, "by resolution adopted by three-fourths of the council, direct or order the building or repairing of any sidewalk on any of the streets or alleys of the city." The ordinance provided: "Whenever any such improvement is ordered, a copy of the resolution shall be served by the marshal upon each known property holder along the street * * upon which such improvement is to be made," and "in case the owner or owners, or any of them, along the street or alley * * where the improvement is ordered, shall fail to make or cause to be made the said improvement within the time fixed in such resolution, then the marshal, or such other person as the council may direct, shall construct the same * * * and shall return to the council a detailed statement thereof * * ." The ordinance prescribed the material that should be used in constructing the walk, and in what manner the same should be constructed. On the 31st day of August, 1878, the resolution required by the ordinance was duly passed, directing the construction of a sidewalk on North Street, in front of the plaintiff's premises. On the 6th day of September, 1878, a resolution was introduced in the council repealing and annulling the resolu-

1. CITIES and towns: sidewalks: rescinding resolution to construct.

City of Chariton v. Holliday.

tion aforesaid. The council consisted of five members, including the mayor. There were three votes in favor of the repealing resolution, and two against it. The mayor declared, " as the resolution sought to be repealed and annulled required a three-fourths vote to pass it, that it would require a three-fourths vote to repeal it, and, therefore, the resolution was lost." Nothing more was done until July 7th, 1879, when, on motion of a member, the council ordered the marshal to proceed and " build the sidewalk on the north side of North Street, heretofore ordered." On the 7th day of August, 1879, a motion was made in the council to rescind the foregoing, and two members voted in favor of the motion, one against it, and one member was absent. The mayor decided the motion lost, because three-fourths of the council had not voted therefor. The sidewalk was constructed by the marshal under the foregoing proceedings of the council.

The appellee insists that a resolution passed by the council, ordering the construction of the walk, was essential to give the city jurisdiction and power to construct it, and to compel the defendant to pay therefor. Counsel for the appellant concedes that the mayor erred, when he decided that the repealing resolution and motion were lost because three-fourths of the council did not vote therefor. It necessarily follows from this concession that the repealing resolution and motion were in fact adopted by the council.

Therefore, the council did not, by resolution or otherwise, order or direct the walk in question to be constructed. We do not understand counsel for the appellant to claim that this is not so, but their contention is that the act of the mayor was judicial in character, amounting to an adjudication and, therefore, cannot be attacked collaterally. We do not think this is so, unless there is some statute which, in terms or by necessary implication, so provides, and our attention has not been called to such a statute. The mayor is the presiding officer of the council, and it is his duty to announce the result of a vote of the

2. ——: ——: vote of council : decision of mayor : collaterally attacked.

council according to the fact.    When a majority of the council voted to repeal the resolution, it was repealed, and there was no resolution in force ordering the improvement of North Street.    The ordinance did not do so, and, therefore, the council never directed the walk to be constructed.    The erroneous and arbitrary announcement of the mayor cannot have the effect to nullify the act of a majority of the council.

It is further insisted by the appellant that the walk was constructed in good faith, and that, therefore, any "informality,

3. ——; ——:  irregularity or defect" in the proceedings, should
jurisdiction:
irregularities.  be disregarded.    This claim is made under § 479 of the Code, the material portion of which will be quoted in the second division of this opinion.    The irregularity or defect which under this section can be disregarded must, we think, be a mere error or omission to do something which in no manner affects the jurisdiction of the city.    It is fundamental that, unless jurisdiction has been acquired, the proceedings of all courts are void, and this must be so as to municipal corporations.

Under the ordinance, it was essential that a resolution should be passed by the council, ordering the construction of the sidewalk, and as this was not done, the defendant cannot be compelled to pay for the walk in question.    The ordinance provides that the defendant could, if he saw proper, construct the walk.    But this he could not do until one was ordered. Several other reasons are urged by counsel for the city why a recovery should be permitted, which need not be discussed, because they are all based upon the assumption that jurisdiction had been obtained.    The District Court did not err in refusing to render judgment against the defendant for the North Street sidewalk.

II.   *As to the East Street sidewalk.*    The requisite resolution was passed by the council directing the construction of this walk, and, under it and the ordinance, we think the city obtained jurisdiction to construct it; and the plaintiff claims, under § 479 of the Code, that it is entitled to recover.

The material portion of that section is as follows: "In any such proceeding, where the court trying the same shall be satisfied that the work has been done, or materials furnished, which, according to the intent of the act, would be properly chargeable upon the lot or land through or by which the street, alley or highway improved, repaired or lighted, may pass, a recovery shall be permitted or a charge enforced, to the extent of the proper proportion of the value of the work or materials which would be chargeable on such lot or land, notwithstanding any informality, irregularity or defect in any such municipal corporation or any of its officers." The objections urged against a recovery will now be considered.

*First.*—It is said, the statute authorizes municipal corporations by "general ordinance to prescribe the mode in which the charge" against or liability of the owner of the lot or land "shall be assessed and determined." Code, § 478. The ordinance does provide the mode of assessing the cost of the sidewalk on the owner of the property. But this was not done, and hence it is said the city cannot recover. We think this is an informality which, under the statute, should be disregarded. *City of Burlington v. Quick*, 47 Iowa, 222. After the walk was constructed, the cost was ascertained, and it is conceded that the amount is correct, and that the walk was constructed as required by the ordinance. The defendant was notified of the amount due, and an opportunity to pay was given him, which he declined. Under these circumstances, the formal assessment of the cost of the walk against the defendant is not an essential requisite to a recovery.

*Second.*—It is said, the resolution did not provide that the cost should be assessed on the owners of lots. But the ordinance does, and this is sufficient.

*Third.*—The ordinance provides that whenever an improvement is ordered a copy of the resolution shall be served upon each known property owner along the street to be improved. This was done, and the defendant is one of the persons so served. The ordi-

nance further provides, it "shall also be published once in a newspaper of general circulation within said city, which publication shall be constructive notice to all non-resident property owners interested."

We think the personal service on the defendant rendered it unnecessary to publish the resolution, so far as he is concerned. The publication is only essential in the case of non-residents, and evidently was so intended.

*Fourth.* The ordinance prescribes the width of the walk, the material, and in what manner it shall be constructed. 6. ——: —— : The resolution provides that the walk should be lution. : reso- constructed as provided in the ordinance, and also the street on which, and time within which, it should be constructed. Section five of the ordinance also provides that the resolution "shall prescribe the kind, character and width of such improvement, and the material of which the same shall be constructed. The resolution is sufficiently specific, because it prescribes that the walk shall be constructed as prescribed in the ordinance. This is a sufficient designation of the material, etc., because all the owner has to do, to ascertain definitely what he is required to do, is to look at the ordinance.

*Fifth.* It is insisted that the tax, which amounts to $84.16 for the East Street walk, is unconstitutional, because the plaintiff under the ordinance and proceedings may be deprived of his property without due process of law, and is oppressive, because the tax amounts to near twenty per cent of the assessed value of defendant's property. Much of the force of the last proposition falls to the ground, because it is based on the assumption that the tax of the North Street walk might be enforced.

As we have declined to allow a recovery therefor, and as it amounts to nearly $50 more than the tax for the East Street walk, we do not deem it necessary to enter into a discussion of the question; nor do we deem it necessary to cite authorities, or attempt to demonstrate that it is not unconstitutional to compel the defendant to pay for the East Street walk.

Ordinances and proceedings of cities, of the character

above indicated, have been so uniformly regarded as constitutional by the courts, that it is not deemed requsite to cite the numerous decisions to that effect.

REVERSED.