Cox, J.
Plaintiffs brought this suit in the court of common pleas to restrain the treasurer from collecting the taxes on an increased valuation placed on their property, consisting of six acres in the city of Cincinnati.
They allege that in 1888 the City Board of Equalization, without any notice to them, increased the valuation of their property $3,600 over the former value, and that the Treasurer of Hamilton County threatens and is about to collect the taxes thereon.
The petition was dismissed in the court below, and plaintiffs appeal.
It appears from the testimony that the title originally was in James H. Perkins, the father of plaintiffs, and he dying, it descended to the plaintiffs, subject to the dower estate of their mother, Sarah E. Perkins, in whose name it stood on the tax duplicate. She resided on the property until her death in 1885.
The property had, until 1886, been listed at a valuation of $8,860, to which the Board of Equalization added $3,600.
*372 It is claimed that no notice, such as the statute requires, was given to the persons interested, of an intention to increase the valuation. James H. Perkins, one of the plaintiffs, and owning one-fifth of the property, was residing on it in 1888, paying the taxes for the whole property, but paying no other rent.
Notice was served on him to appear before the Board, but he informed the officer serving the notice, that he was only the owner of one-fifth of the property, and was not the agent for the others, and had no authority to, and would not accept service for them; that they were non-residents of and absent from the state. The same information was given by the attorney for James H. to the President of the Board at the office of the Board, where he was apparently presiding, with the clerk and other members, apparently in session. He was informed by the president that he would confer with the other members of the Board, and notify him of their determination. He did subsequently notify him, that as no notice had been served on all the co-tenants, no further action would be taken under it. But, neverthless, the Board did make the addition without any other notice to the parties.
The statute is mandatory on the subject of notice in such a case. Sec. 2804 Revised Statutes provides, that “ except as to new structures and structures destroyed, and lands and lots brought onto the tax list since the preceding decennial State Board of Equalization, the County Board (City Board) shall not increase the valuation of any real estate except in cases of gross inequality, and then only upon reasonable notice to all persons directly interested, and cm opportunity for the full hearing of the questions involved.” It is not claimed that this property is within any of the exceptions of the statute.
If the language of the statute were not sufficiently clear to show its mandatory character, there are abundant authorities so deciding. In Cooley on Taxation, page 287, it is laid down “ so all provisions designed to give the (tax payer) an opportunity of a review of the assessment themselves, or on an appeal, are exclusively in his interest. Every notice which the statute provides for that end, whether by publication or otherwise, must be given with scrupulous observance of all its requirements. The notice cannot be shortened a single day without rendering *373 it ineffectual; the presumption being that the law has made it as short as was deemed consistent with due protection. A published notice cannot be received as the substitute for a notice to be personally delivered to the party concerned.” See also 24 Maine, 283; 48 Maine, 377; 42 Iowa, 250; 48 Mo. 536; 29 Mich. 504; 46 Wis. 163; and the same rule applies to any notice required by subsequent proceedings, and “ when a statute requires notice of a proceeding, but is silent concerning its form or manner of service, actual notice will alone satisfy such requirement.” 39 Ohio St. 661.
But it is suggested that inasmuch as one of the joint tenants was in possession of the property, and paying taxes for the whole, service on him was sufficient. But the contrary seems to be well established. “ Unless one has been made the agent of the other, by reason of partnership relations or of some other means, neither can ordinarily be charged and held accountable for the knowledge of the other.” “ The rule that notice to a co-tenant is not, by mere force of the relation of co-tenancy, notice to any of his companions, (unless a notice to quit), seems to prevail without any qualification or exception.” Freeman on Co-tenancy and Partition, sec. 171.
Each co-tenant has an undivided interest in the whole property. That.undivided interest cannot be severed by partition without notice to him, nor can it be charged with the lien of a judgment, and we cannot see why a different rule should apply in fixing a charge on the land in the shape of taxation. The case of Moore v. Given, 39 Ohio St. 661, might, on a superficial view, lead to a contrary opinion. But the facts of the case do not warrant any such view. That was brought by Moore against Given to recover against him the value of materials and labor furnished in repairing a partition fence between his own lands and that occupied by Given, under the act to regulate inclosures and to provide against trespassing animals, 1 S. & C. 649, as amended May 3, 1873, 70 Ohio L. 246, authorizing township trustees, after notice to all parties who may have any interest in the title or possession of premises affected by a partition fence, to proceed to view and assign to each party for repair, etc.
The action was against him alone, and the petition averred *374 that he was in possession, and had been so for twenty-one years claiming ownership, and was in fact alone interested in the possession, and the only person known to the trustees and the community as the owner of the title, and holding himself out as such sole owner. That defendant was at the date the owner of four equal undivided 1-6 parts of the tract, and the residue of the title being owned by persons whose residences were not in the state of Ohio, nor known to the plaintiff or the trustees.
A demurrer to this petition was sustained by the court of common pleas, and affirmed by the district court, which judgment the supreme court reversed, on the ground that “ the defendant, by his demurrer, admitted that he received such form of notice as the law required; that hewasthen, and for twenty years previously had been in possession, claiming to be the owner of the land to be affected; that he was alone interested in the construction and repair of the partition fence; that he was the only person known to the trustees and the community as the owner of the title; that he held himself out as the sole owner of the land, and that the owner of the residue of the title to it were persons whose residence was not within the state of Ohio, nor known to the plaintiff or the trustees.
In this case no other persons were parties to the suit except the person served with notice and who was in possession of the land and claimed to be the owner, and evidently the admissions of his demurrer were sufficient to estop him from setting up want of notice. What’would have been the.decision of the court, had other co-tenants, who had not received notice, been parties to the suit, does not appear, but it was clear that no principle was announced by the court in this case which would operate against their right to defend. It is claimed that the tenant in this case, when served, on being asked where, the other tenants resided, said uit was for him to find out.” But this certainly could not bind those out of the state.
The Board of Equalization are invested with ample authority to call all persons before them, examine them under oath as to their own, or the property of others, and if these means had been resorted to, it would have been possible to *375 ascertain the location of the other joint tenants so aa to notify them.
Wulsin & Suire, for plaintiffs.
Davidson & Hertenstein, county solicitors, for defendant.
But it is said that there is no provision as to the manner of notifying property holders in this class of cases. If there be none, then as cited before, the notice must be “ an actual one.”
If no provision be made for notice, when actual notice can not be had, it is an omission to be cured by the legislature, and not by the court.
But it is suggested by counsel for defendant that notice to one co-tenant would bind him to the valuation as increased.
We do not think so. Until the property is subdivided, it should be listed as a whole ; to do,otherwise, would be to give to the Board of Equalization the power to partition property where the owners have not sought it, and have no notice of it being done.
The defendant will be enjoined perpetually from collecting taxes on the increased valuation of plaintiff’s property.