WENCIL ZALESKY, Appellee, v. CITY OF CEDAR RAPIDS, *et al,*.
Appellants.

Special Assessment: ACTION TO DECLARE VOID: SIDEWALKS: POWER
1    OF CITY. A special charter city has power to provide for the
construction of sidewalks under Code, section 779, which must
be exercised by ordinance, and this express general power in-
cludes such implied authority as may be necessary to give it
effect.

Same: ORDINANCE: RESOLUTION: NOTICE. Where a city provides
2    for the construction of sidewalks by a general ordinance, and
such ordinance contemplates a further resolution of the coun-

cil ordering the construction of any particular walk and notice to the owner of the property, it must be strictly pursued to charge the property with the cost of construction by the city.

Same:   PUBLICATION OF NOTICE:   JURISDICTION:   PERSONAL SERVICE.
3   Where the ordinance provides that when any walk has been ordered, notice thereof shall be published, the publication becomes a jurisdictional fact and cannot be dispensed with; nor will personal service of the notice obviate the necessity of publication and confer upon the city authority to construct the walk and assess the cost against the property.

Same:   SECOND RESOLUTION:   WILL NOT VALIDATE ASSESSMENT.   Where
4   the city fails to legally adopt a resolution ordering the construction of a sidewalk and to publish the notice as required by ordinance, the adoption of a second resolution and service of notice, after the walk has been constructed by the city, will not validate the assessment made under the first resolution.

*Appeal from Linn District Court.*—HON. H. M. REMLEY, Judge.

WEDNESDAY, DECEMBER 17, 1902.

THE city of Cedar Rapids is a special charter city. The plaintiff is the owner of a lot in said city cornering on Ninth avenue and Eighth street, and known as lot five, block thirty-two, Carpenter's Fourth addition.   On August 31, 1.00, the city council of said city passed a resolution, the material provisions of which are as follows:   That the owners of certain lots, designating them (none of which lots are involved in this action), "be and are hereby required within ten days of the passage of this order to build a permanent sidewalk in front of such designated lots. The same to be built with cement in accordance with the ordinances of the city.   It is further ordered that if the same is not built as provided in this order after ten days' notice of the same, said sidewalk will be built by the city and the costs thereof taxed as a special lien against said lots, also lot five, block thirty-two, Carpenter's Fourth addition to Cedar Rapids, the said improvement to be made

and the costs assessed in the manner and time provided by the ordinances of the city of Cedar Rapids relative to permanent sidewalks."

On September 5, 1900, a notice was handed to plaintiff by the sidewalk inspector of said city which in terms required him to lay a permanent sidewalk along Eighth street and Ninth avenue, in front of and along lot five, block thirty-two, Carpenter's Fourth addition to Cedar Rapids, the same to be laid of the material and in the manner provided in the ordinance of the city of Cedar Rapids for laying permanent sidewalks; also notifying him that, unless said sidewalk was laid within ten days from such date of service, the same would be laid by the city, and the cost thereof assessed against said property. There was no publication of any notice concerning the proposed construction of such sidewalk. Thereafter, and in the latter part of October, 1900, the city proceeded, through its contractor, to lay a cement walk on the street and avenue sides of plaintiff's lot. On November 16, 1900, the city proceeded to make a levy against said lot five for the expense of constructing said sidewalk, amounting to $117.91.

On or about February 15, 1901, the city engineer filed with the city recorder a document as follows: "Schedule of the proposed assessment of costs of building permanent sidewalk along lot five, etc., 1,135 square feet of walk at eight and three-quarter cents, thirty-one yards grading at sixty cents, $117.91;" and on the same day the city council passed a resolution as follows: "Whereas, by reason of the omission of certain words doubts may arise as to the sufficiency of the resolution heretofore passed ordering a permanent cement sidewalk built on that part of Eighth street and Ninth avenue abutting upon and laying along the front and side of lot five * * *: Be it therefore resolved by the city council * * * that the said sidewalk as above described be and is hereby reordered. Be it fur-

ther resolved that the city recorder be and he is hereby directed to give notice to the owner and holder of said property as provided by law that the schedule showing the proposed reassessment according to the benefits of the cost of building said sidewalk is on file in his office, and that all objections to said assessment or to the prior proceedings must be made as by law provided.''

On the following day a notice signed by the city recorder, and addressed to plaintiff, was served upon him, as follows: ''Notice is hereby given that a permanent sidewalk along the property herein described has been reordered, and that a plat and schedule is now on file in my office, showing the proposed reassessment of the cost of laying said permanent sidewalk along Eighth street and Ninth avenue in front of and along lot five, * * * and that all objections thereto or to the prior proceedings therein must be made in writing and filed within twenty days from this date with the city recorder.'' The plaintiff appeared on February 21, 1900, and filed objections to such proposed assessment or reassessment for the following among other, reasons: ''That this is an attempt to legalize the illegal levy heretofore made.'' It appears that such objections, at the time of filing the same, were referred by the city council to its judiciary committee; that no report was ever made thereon, and no further action taken by the council having direct reference thereto. Thereafter, and on March 8, 1901, the city council passed a further resolution as follows: ''Be it resolved by the city council * * * that the assessment to W. Zalesky for the building of a permanent sidewalk along Eighth street and Ninth avenue in front of and along lot five, * * * made on November 16, 1900, be and the same is hereby confirmed and there is hereby reassessed against said property for the building of said sidewalk the said sum of $117.91, this assessment to relate back and stand as of the date of said original assessment.''

An ordinance of said city was introduced in evidence, from which we quote the following material provisions: "The city council may by resolution order permanent sidewalks to be laid on any street or avenue, or part thereof and when any such sidewalk is ordered to be laid, notice thereof shall be published for ten days in a paper of the city by two publications, and if such permanent sidewalk is not laid within twenty days from the date of the first publication of such notice the board or committee of the council having charge of the streets and walks shall immediately advertise for bids for laying such sidewalk, which bids shall be referred to the city council, and the city council shall let the contract for laying such sidewalk to the lowest responsible bidder, * * * or the council may provide in a general contract for the building of all permanent sidewalks which the city may have to build under the provisions of this ordinance for any length of time, not to exceed one year. The cost of laying such sidewalk shall be assessed against the abutting property as hereinafter provided. The total cost of such sidewalk when constructed * * * by the city, including the cost of all that portion of such sidewalk extending over the intersection of streets, avenues or alleys to the curb line, shall be assessed against the abutting property as a special assessment, which assessment shall be a lien on said property from the time the work is commenced, and such assessment shall be made in accordance with the provisions of the laws of the state or the ordinances of the city for levying special assessment for street improvements, except that the same shall become due on the first day of January and delinquent on the first day of February after being * * * levied, and shall be collected the same, in all respects, including sale of property therefor, as general taxes."

Based upon the facts as above stated, the court below found that the law governing such matters had not been

complied with, and a decree was entered in favor of plain-
tiff, declaring the assessment invalid, and directing can-
cellation of the same.   The defendants appeal.—*Affirmed.*

*John N. Hughes* for appellants.

*Rickel, Crocker & Tourtellot* and *John A. Reed* for
appellee.

BISHOP, J.—By section 958 (being part of the chapter
of the Code relating to cities under special charter), Code,
section 779, relating to cities existing under the general
law, is made applicable to special-charter cities.   Section
779, as amended by chapter 27, Acts 28th General Assem-
bly, as far as pertinent to this case, is as follows:   "They
shall have power to provide for the construction, recon-
struction and repair of permanent sidewalks upon any
street, highway, avenue,   *   *   *   within the limits of
such city or town;   *   *   *   and to assess the cost thereof
on the lots or parcels of land in front of which the same
shall be constructed; and the city clerk shall certify the
amount of such assessment to the county auditor, and it
shall be collected the same as other taxes.   But in cities
having a city collector or treasurer who collects city taxes,
the city clerk shall certify the amount of such assessment
to such collector or treasurer, and the same shall be col-
lected as other city taxes."

It will be observed that said section grants power, in
general terms, to deal with the subject of permanent side-
walks.   "They shall have power to provide," etc.   This
cannot be construed otherwise than to mean
that the city council is thereby invested with
all necessary authority to make provision for carrying into
effect the power granted.   Now, municipal corporations
make provision for carrying into effect or discharging the
powers and duties conferred by law, through the medium
of an ordinance.   Code, section 680.   "Power to provide"

1. SIDEWALKS: power of city.

cannot be exercised in any other way than by formal legislative action on the part of the city council. A general power to provide being expressly conferred, it is well-settled doctrine that there is included therein all such implied powers as may be necessary to carry into effect or make available the general power thus granted. *City of Keokuk v. Scroggs*, 39 Iowa, 447; *Becker v. Waterworks.* 79 Iowa, 419; *Aldrich v. Paine*, 106 Iowa, 461.

Under section 779, considered by itself, it is clear that, a city council is fully authorized and empowered not only to provide for the construction of permanent sidewalks,. but, as a necessary incident thereto, to provide for the time, place, and manner of such construction, and, when the work shall be done by the city, whether the cost thereof shall be paid from general funds, or be assessed upon abutting lots or parcels of land. That it is competent to incorporate in such an ordinance a provison that the work may be done by the abutting property owner according to prescribed specifications, and within a reasonable limit of time specified, we entertain no doubt. So, too, where it is proposed to assess the cost on the abutting property, a provision in the ordinance fixing the character of notice to be given the owner of such abutting property, and prescribing the manner of service thereof, is fairly within the implied powers granted by said section of the Code.

It will be seen from the statement of facts above that the city council of Cedar Rapids did enact an ordinance providing for the construction of permanent sidewalks; 2. SAME: ordinance; resolution notice. the terms thereof being general, and having relation only to the subject matter of the construction of such walks in the city generally. The ordinance itself negatives the idea that thereby the city intended to provide for or order, as a finality, the construction of permanent walks throughout the limits of the city. Further action on the part of the city council in the way of a resolution was necessary from time to time, in order to.

carry the ordinance into effect, as applied to particular pieces of walk, construction of which might be desired. We think the authority to act in any given instance is conditioned upon such being done; that jurisdiction to proceed at all depends upon the formal adoption of such a resolution.  No one would presume to say that the city council might proceed to build walks when and where it would, and assess the cost thereof to abutting property owners, in the absence of a formal resolution therefor, as provided in said ordinance.  Now it is not contended in the case before us that the resolution of August 31, 1900, was sufficient to authorize the building of a walk adjacent to the property of appellee.  At best, it was a declaration that the cost of constructing the walks in front of other lots named would be assessed against the lot of appellee. Perhaps one might well reach the speculative conclusion that it was intended to provide for the laying of walks adjacent to the lot of appellee.  But when it is sought to charge a property owner for the cost of works of public improvement, the power must be exercised strictly in the manner prescribed by law.  *Bucroft v. City of Council Bluffs*, 63 Iowa, 646; *Coggeshall v. City of Des Moines*, 78 Iowa, 235.  No proper and necessary resolution having been adopted as a basis therefor, it follows that the notice of date, September 5, 1900, given plaintiff by the sidewalk inspector, was of no force or validity.

II.   One of the provisions of the ordinance of the city is that, "when any such sidewalk is ordered to be laid, notice thereof shall be published for ten days in a paper of the city by two publications," etc.   The city having thus attempted to avail itself of the "power to provide," and having prescribed that publication of notice shall be a condition precedent to the exercise of power in making an assessment, it is bound thereby, and such publication of notice cannot be

3. SAME: publication of notice: jurisdiction: personal service.

dispensed with.   As was said in *Starr v. City of Burling-
ton*, 45 Iowa, 89:   "The ordinance, in terms, requires the
work to be ordered by resolution to be published in the
manner prescribed.   The city, by its ordinance, having
prescribed these proceedings, must pursue them, in order
to bind the property holder and render him liable for the
cost of the work.   The city cannot be exempted from the
duty of obeying its own law.   It has prescribed the steps
to be taken which will give it jurisdiction to levy assess-
ments.   *   *   *   The citizen cannot be bound unless the
authority be exercised in the manner prescribed."   See,
also, *City of Dubuque v. Wooton*, 28 Iowa, 571; *Roche v.
City of Dubuque*, 42 Iowa, 254; *Kendig v.Knight*, 60 Iowa,
32; *Tallant v. City of Burlington*, 39 Iowa, 546.

It is said that the personal service of notice upon ap-
pellee superseded the necessity for publication.   To this
we cannot yield our assent.   Notice is required to be pub-
lished.   In terms, there is no requirement of personal ser-
vice.   The notice need not be addressed to any particular
person.   Undoubtedly many cases arise where other per-
sons are shown to have interests in addition to those
possessed by the holder of the legal title, and the intention
of the council adopting the ordinance to give notice to all
such, and to the general public, as well as to the lot owner,
may well be inferred.   Passing the question as to whether
personal notice is necessary, in addition to the published
notice, we hold that the latter, as applied to the case be-
fore us, is jurisdictional, and cannot be dispensed with.

III.   The appellants contend that, even conceding the
defects to which attention has been called, the same were
cured, and a valid levy of assessment accomplished, by
4. SAME: sec-   virtue of the resolution of February 15, 1901,
ond resolu-
tion: will not   and the notice served pursuant thereto, and
validate
assessment.   the further resolution of   March 8, 1901.
Section 836 of the Code is relied upon as a basis for such
contention.   Granting even that the chapter of the Code

of which said section is a part has application to the mat-
ter of construction of sidewalks,—a point we do not de-
cide,—still there is no merit in this contention of appel-
lants.    The defects which may be cured by a relevy of as-
sessment are such only as inhere in the time or manner of
the proceeding, the machinery of the law having once
been properly put in motion. . It was not intended that
jurisdictional defects can be cured by proceeding as
therein directed.

Under the ordinance in question, the adoption of a
resolution is a prerequisite to any further step being taken.
Without that step there is no authority whatever to fur-
ther proceed.    The case is altogether different from one
where, having authority to proceed, irregularities and de-
fects in the subsequent proceedings thereafter occur, which
do not have the effect to take away or impair any substan-
tial right of a party interested.    While having reference
to a different section of the statute, yet the principle an-
nounced in *City of Chariton v. Holliday*, 60 Iowa, 391, is
applicable.    That was a case in which recovery was sought
under the provisions of section 479, Code 1873, which pro-
vides, in effect, that under certain specified conditions a
recovery may be permitted for public improvements, not-
withstanding informality, irregularity, or defects in the
proceedings under which such improvements were made.
In the course of the opinion it is said:    "The irregularity
or defect under which this section can be disregarded must,
we think, be a mere error or omission to do something
which in no manner affects the jurisdiction of the city.    It
is fundamental that, unless jurisdiction has been acquired,
the proceedings of all the courts are void, and this must
be so as to municipal corporations."    In that case, as in
this, the lot owner had the right, under the ordinance, to
construct the walk, if he saw proper.    But this, it is said,
he could not do until one was ordered.    "Under the ordin-
ance, it was essential that a resolution should be passed by

the council, ordering the construction of the sidewalk; and, as this was not done, the defendant cannot be held to pay for the walk in question." ·

. It requires no argument to reach the conclusion that if no jurisdiction was acquired by the city to proceed in the matter of the sidewalk in question, there could be no authority to make an assessment, and consequently no authority to reassess, especially as this was attempted to· be done long after the walk had been actually constructed by the city.

. There is no error in the decree, and it is AFFIRMED.