CLIFTON LAND COMPANY, Appellant, v. THE CITY OF DES MOINES and others, Appellees.

**Municipal corporations:** STREET IMPROVEMENT: JURISDICTION: SPECIAL ASSESSMENT: WAIVER OF OBJECTION. A city council has jurisdiction to order the construction of a street improvement and to assess the cost to property owners; and objection to its jurisdiction arising from mere omission or irregularity in some of the initial steps, or interlocutory matters in the development of

the proceedings, may be waived by the party entitled to make objections thereto, and when such waiver has once become effective it can not be withdrawn or neutralized by any act on his part; as where the work was completed and the property owner protested before the council against an assessment because of the quality of the work, but took no appeal from its action, it could not, after the lapse of five years, maintain an action in equity to enjoin the levy and collection of the assessment.

**Same:** EQUITABLE RELIEF. Save only in cases where the remedy or proceeding sought to be enjoined is absolutely void, a special remedy created by statute is exclusive as to all controversies coming within its scope, and a party failing to take advantage of it can not resort to equity for relief. So that where a property owner fails to insist upon an objection to a special assessment for a street improvement, because of the quality of the work, by appealing from the action of the city council as specially provided by statute, he can not, except for fraud, resort to equity to restrain the enforcement of the assessment.

**Same.** Although a property owner may have failed to appeal from the action of a city council in overruling his objections to a special assessment, still, if fraud or collusion entered into the making of the assessment, which was not revealed until after opportunity to raise the issue under the statute had passed, equity may afford relief; but mere defects of workmanship in a public improvement, known at the time objection was made before the council, will not authorize such relief.

*Appeal from Polk District Court.*—HON. HUGH BRENNAN, Judge.

TUESDAY, NOVEMBER 23, 1909.

ACTION in equity to enjoin the levy and enforcement of certain special assessments for the construction of sidewalks. Bill dismissed, and plaintiff appeals.—*Affirmed.*

*Clinton L. Nourse,* for appellant.

*William H. Bailey,* for appellees.

WEAVER, J.—In its original petition filed October 31,

1903, the plaintiff sought to restrain the levy of the special assessment on the ground that the defendant, J. C. Likes, to whom the city had let the contract to build the walks, had failed in material respects to do the work according to the contract plans and specifications. In June, 1908, when the action had been pending nearly five years, an amendment to the petition was filed attacking the regularity and sufficiency of the ordinances, resolutions, and proceedings with reference to the improvement, and alleging that the city never acquired jurisdiction to order the construction of the walks, and that the assessment made for their cost was therefore void. The trial court found plaintiff entitled to no equitable relief and dismissed the petition. While counsel have in their arguments covered a wide field of controversy, we think the appeal may be disposed of by a brief consideration of one or two controlling questions.

I.   In our judgment the objection raised to the form and sufficiency of the initial steps with which the improvement in question was undertaken can not be sustained. Confessedly, the improvement was ordered at the request and instigation of the appellant corporation, which then owned a large number of lots in that neighborhood, for the benefit of which it desired the construction of sidewalks. It knew of the beginning and progress of the work, and made no objection thereto except as to the alleged failure of the contractor to comply with the specifications of his contract, and on such ground alone it made complaint to the city authorities. When the work was completed and opportunity given it to show cause against the assessment, it appeared before the board and filed written objection and protest based wholly on the quality of the work performed, and suggesting no lack of jurisdiction in the city to order it, but, on the contrary, offered, in case the defective brick walks were removed, to construct cement

1. MUNICIPAL CORPORATIONS: street improvement: jurisdiction: special assessment: waiver of objection.

walks in their stead. The objection and protest being over-ruled, appellant did not take advantage of its right to appeal to the district court, but instituted this independent action to enjoin the assessment upon the same grounds which it had unsuccessfully urged upon the attention of the city council, and, as we have already observed, it was not until nearly five years later that any claim was pleaded or presented questioning the jurisdiction of the city in the premises. Under such circumstances, we are very clear that this objection is not now available to appellant. It may be conceded that if the city had no jurisdiction of the subject matter, or power to provide for and order the construction of sidewalks, mere delay in raising the objection would not ordinarily be a sufficient ground for refusing to entertain it; but, on the other hand, where the officer or tribunal does have jurisdiction of the subject-matter, we know of no rule by which a property owner to be affected by the exercise of such authority may not by his own conduct or concession estop himself from denying the sufficiency or validity of the proceedings which he himself has invoked and upon the assumed regularity of which he himself has acted and induced others to act. In other words, while there may be no waiver or estoppel where the law confers no jurisdiction of the subject-matter, yet, where such jurisdiction is given, mere omission or irregularity in some of the initial steps by which the proceedings are instituted, or in interlocutory matters pertaining to the conduct and development of the proceedings, may always be waived by the party entitled to object thereto, and, when that waiver once becomes effective, it can not be withdrawn or its effect neutralized by any act on his part. Adhering to this view of the law, we think the facts as hereinbefore set forth constitute an effectual waiver of the appellant's right to assert the nonjurisdiction of the city to order and provide for the building of the walks in controversy. Code, section 824;

*Owens v. Marion,* 127 Iowa, 469; *Burlington v. Gilbert,* 31 Iowa, 356; *Shelby v. Burlington,* 125 Iowa, 343; *Thompson v. Mitchel,* 133 Iowa, 527; *Patterson v. Baumer,* 43 Iowa, 477; *Ryan v. Cincinnati,* 21 Wkly. Law Bul. (Ohio) 62; *Sexsmith v. Smith,* 32 Wis. 299; *Clements v. Lee,* 114 Ind. 397 (16 N. W. 799); *Townsend v. City,* 26 N. J. Law, 444; *Beaumont v. City,* 142 Pa. 198 (21 Atl. 888).

II.   Having found that the record discloses no ground for objection to the jurisdiction of the city to order the construction of the walks and to enter into a contract therefor, and it being conceded that due *2. SAME: equit-able relief.* opportunity was given appellant to show cause against the assessment, and that it did, in fact, appear and have a hearing before the council upon the matter of its objections, there is no irregularity shown, nor can we well conceive how, in the absence of fraud, any irregularity could have occurred for which an appeal to the district court as provided by statute did not afford an adequate remedy.   Save only in cases where the order or proceedings sought to be enjoined is absolutely void—not voidable merely—it is well settled that a special remedy created by statute is exclusive as to all the controversies coming within its scope, and if a party to whom such remedy is given fails to take advantage of it, he can not resort to equity for relief.   Code, sections 823, 824, 829; *Nixon v. Burlington,* 141 Iowa, 316; *Reed v. Cedar Rapids,* 137 Iowa, 107; *Andre v. Burlington,* 141 Iowa, 533; *Owens v. Marion,* 127 Iowa, 469; *Railroad Co. v. Lindquist,* 119 Iowa, 144; *Stevens v. Carroll,* 130 Iowa, 463.   The remedy by appeal was broad and ample, the district court being given by the statute above cited full power to hear and try every objection properly raised, and to set aside, vacate, or modify the assessment complained of, and generally to make such order as the city council ought to have made

in the premises, or remand the proceedings with proper orders and directions for further proceedings in harmony with the findings of the court. It is to be admitted that in some of our decisions language has been used mostly by the way of argument giving some support to the contention that even where jurisdiction has been obtained to construct a work of public improvement, it may be lost by some omission or defect in the further development of the proceedings, and that advantage may be taken of such defect by injunction. This is perhaps more notably true of *Zalesky v. Cedar Rapids,* 118 Iowa, 714; *Comstock v. Eagle Grove,* 133 Iowa, 589, and *Bennett v. Emmetsburg,* 138 Iowa, 67, but without in any manner now questioning the correctness of the result reached in those cases, we are constrained to say that insofar as the discussions therein tend to sustain the proposition that where the jurisdiction of the city has once attached, a defect or omission subsequently occurring in the proceedings and for which the statutory appeal furnishes ample remedy may be made the grounds of proceedings in equity for an injunction against the assessment, they can not be approved. In the *Zalesky* case there is no mention of the remedy by appeal and the precedents therein relied upon, viz., *Chariton v. Holliday,* 60 Iowa, 391; *Dubuque v. Wooton,* 28 Iowa, 571; *Roche v. Dubuque,* 42 Iowa, 254; *Kendig v. Knight,* 60 Iowa, 32; *Tallant v. Burlington,* 39 Iowa, 546, and *Starr v. Burlington,* 45 Iowa, 89, are all decisions upon the law as it stood before the statute supplied the property owners with a remedy by appeal.

III. The only question left is whether there is any showing whereby the assessment in this case may be avoided for fraud. The substance of the holding of this court in

3. SAME.

McCain v. Des Moines, 128 Iowa, 331, and other cases of that class is that where the alleged defects in the work are the result of fraud or of collusion between the city or its officers and the contractor,

or the departure from the terms and specifications of the contract are of such grave and flagrant character as can be reasonably explained only on the theory of fraud, equity will take jurisdiction to protect the interests of the property owner, a proposition on which we have here no occasion to take issue. Moreover, at the time the cited case was instituted the statute giving the remedy by appeal had not then been enacted, and the decision is therefore in no manner inconsistent with the views herein expressed. It is a general rule that fraud vitiates all transactions tainted by it, and if in a case of this kind there is fraud or collusion which is not revealed until after the opportunity to show cause against the assessment is passed, it may well be that the remedy applied in the *McCain* case is still available. But the case in hand presents no such features. The alleged defects in the walk are not shown to be such as to compel the inference of fraud, and if they were of that character they were as well known to the appellant when it filed its objections to the assessment and declined to exercise its right of appeal as they were at the time of the trial below.

The foregoing conclusions make it clear that the trial court was right in dissolving the temporary injunction and dismissing the plaintiff's bill, and the judgment appealed from is therefore *affirmed.*