## In re KETCHIKAN DELINQUENT TAX ROLL.

## CITY OF KETCHIKAN v. FURNIVALL.

(Circuit Court of Appeals, Ninth Circuit. December 3, 1923.)

No. 4061.

1. **Municipal corporations ⊜301—Ordinance or resolution for street improvement and assessment necessary under Alaska laws.**

   The power of a city of Alaska to locate, construct, and maintain streets, and especially to impose a tax on abutting property owners, is a legislative one, and can only be exercised by ordinance or resolution under Comp. Laws Alaska 1913, § 628, and where improvement and assessment was not provided for by ordinance or resolution, the whole proceeding was void.

2. **Municipal corporations ⊜302(1)—Under Alaska laws, assessment of portion of cost of improvement must be made when improvement is ordered.**

   Under Comp. Laws Alaska 1913, § 627, the discretion of a city council to levy a tax on abutting property to pay two-thirds the cost of a street improvement must be exercised when the petition for the improvement is heard, and before or at the time the improvement is ordered, and when one city council makes an improvement, another city council at a later day cannot exercise such discretion.

Appeal from the District Court of the United States for the District of Alaska, Division No. 1; Thomas M. Reed, Judge.

In the matter of the Delinquent Tax Roll of the City of Ketchikan for a street improvement, to which Mary M. Furnivall filed objections. From an order sustaining the objections, the City appeals. Affirmed.

Will H. Winston and A. H. Ziegler, both of Ketchikan, Alaska, R. E. Robertson, of Juneau, Alaska, and Robert W. Jennings, of San Francisco, Cal., for appellant.

Wickersham & Kehoe, of Juneau, Alaska, for appellee.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. Section 627 of the Compiled Laws of the Territory of Alaska of 1913 provides as follows:

"That the said common council shall have and exercise the following powers: * * * Fourth. To provide for the location, construction, and maintenance of the necessary streets, alleys, crossings, sidewalks, sewers, and wharves. If such street, alley, sidewalk, or sewer, or parts thereof, is located and constructed upon the petition of the owners of two-thirds in value of the property abutting upon and affected by such improvement, then two-thirds of the cost of the same may, in the discretion of the council, be collected by the assessment and levy of a tax against the abutting property, and such tax shall be a lien upon the same and may be collected as other real estate taxes are collected."

Section 628 provides:

"The common council may exercise their powers by ordinance or resolution, but no ordinance or resolution shall be valid unless adopted by a vote of four members of the council, at a meeting where not less than five members are present."

On the 5th day of October, 1920, a petition was presented to the common council of the city of Ketchikan, praying for the construction of

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

a certain roadway and sidewalk and the establishment of a right of way therefor; the petitioners agreeing to pay their proportionate share of two-thirds of the cost of the improvement, and that the same be a specific lien upon their respective properties abutting on the improvement. The petition was approved and ordered filed upon presentation to the city council, and the city clerk was directed to call for bids for the work at the next regular meeting. So far as the record discloses, no other or further action was taken by the city council until a resolution was adopted on February 2, 1921, assessing two-thirds of the cost of the improvement against certain persons and the lands òwned or occupied by them, and declaring the sums so assessed a specific lien upon the lands. On May 20, 1922, the delinquent tax roll for the city for the year 1921 was presented to the court under the provisions of chapter 69 of the Session Laws of Alaska of 1913, for adjustment and order of sale of the property therein described. At the same time there was presented the delinquent assessment roll for the improvement in question. The appellee, Furnivall, filed objections to the assessment and order of sale and after hearing before the court the objections were sustained. From that order the present appeal is prosecuted.

In the course of its opinion the court below said:

"It being shown clearly that two-thirds of property owners abutting on the proposed Harris street extension had not petitioned therefor, this is jurisdictional, and, as to the nonconsenting owners, the whole proceedings are illegal."

[1] But the court made no further finding upon that issue. The court further held, however, that inasmuch as the improvement and assessment against the abutting property was not provided for by ordinance or resolution, the whole proceeding was void, and upon this latter ground we are of opinion that the judgment of the court below should be affirmed. The power to locate, construct, and maintain streets, and more especially the power to impose à tax upon abutting property 'owners, is a legislative one, and can only be exercised by ordinance or resolution. 28 Cyc. 992; Chicago & N. P. R. Co. v. City of Chicago, 174 Ill. 439, 51 N. E. 596; Eckert v. Walnut, 117 Iowa, 106, 91 N. W. 929; Zalesky v. Cedar Rapids, 118 Iowa, 714, 92 N. W. 657; McQuillin's Municipal Corporations, p. 1334.

[2] Furthermore, under the Alaska statute, the discretion to levy a tax upon abutting property to pay two-thirds of the cost of an improvement must be exercised when the petition for the improvement is heard, and before, or at the time, the improvement is ordered. Most assuredly one city council cannot make an improvement, and some other city council, at some later day, exercise the discretion to impose a part of the burden upon abutting property owners.

The assessment is therefore void, and the judgment is affirmed.