## THE CITY OF DUBUQUE v. WOOTON.

### THE SAME v. HENNESEY.

Municipal corporation: TAXES. An ordinance of the city of Dubuque, respecting the levy and assessment of a special tax on adjacent lots, for grading and macadamizing the street in front thereof, provided that the resolution of the council, by which such tax should be levied, should be published for two weeks in the official paper of the city, and that the tax should thereupon be due and payable. *Held*, that the provision respecting the publication was not merely directory, but that it must have been complied with in order to give the tax any legal existence.

*Appeals from General Term, Ninth District (Dubuque County).*

### WEDNESDAY, JUNE 8.

THESE are equitable actions to enforce the payment of certain assessments made by the city for grading, paving and macadamizing certain streets. The assessments were made upon the lots abutting upon the streets improved, and the petitions ask that the same be declared liens upon the lots; each lot to be charged with its proper portion of the expense of the improvement of the street adjacent thereto. A decree for plaintiffs in each case was rendered in the District Court. Defendants appealed to the General Term, where the judgments were reversed. Plaintiff now appeals the cases to this court. The facts upon which the decisions are based are sufficiently set out in the opinion. As each case presents the same decisive questions they are considered together.

*E. McCeney, F. O'Donnell* and *Griffith & Knight* for the appellant.

*Monroe & Deery* for Wooton.

*H. T. McNulty* for Hennesey.

BECK, J. — The charter of the city of Dubuque contains the following provision: " The city may levy a special tax on any lot or lots, or the owner thereof, on any alley, street or highway, or on any part thereof, for the purpose of grading, paving or macadamizing the same, or for the purpose of grading, paving or curbing the sidewalks, and may collect the same under such regulations as may be prescribed by ordinance." Acts of 6th Gen. Assembly, chap. 210, § 21.

In pursuance of this statute, and for the purpose of providing for the exercise of the power therein conferred, an ordinance of the city prescribes the manner of ordering the improvements contemplated, and of levying and collecting the tax for the payment of the same. The portions of the ordinance materially involved in the consideration of the questions arising in this case are the following:

" SECTION 1. That the city council may by resolution provide for the grading, paving, macadamizing or repairing of any street or alley, or any portion of the same, or for the curbing of sidewalks, or building or repairing sewers, and in all cases of improvements for which a special tax is to be levied notice shall be given by publication of a copy of such resolution in the official paper of the city, not less than two weeks. After such publication, or if the same shall not be required, the council may at a regular meeting instruct the city engineer to advertise and receive bids for the performance of such work, and furnishing material for the same, under contract, in accordance with plans and specifications to be furnished by the engineer.

" SEC. 2. The city council may levy a special tax on any lot or lots, or the owner thereof, on any street, alley or highway, for the purpose of grading, paving or macadamizing the same, or for the purpose of curbing the

sidewalks. The resolution by which such tax shall be levied shall specify the name of the street, numbers of lots, names of owners, when known, description of work, amount of tax per foot front, with total amount to each lot or owner, and name of the contractor to whom such tax shall be payable. Such resolutions shall be published two weeks in the official paper of the said city, and such taxes shall be due and payable at the expiration of such time. If not paid within thirty days from the passage of such resolution, such taxes shall become delinquent, and shall be subject to the penalties provided for non-payment of other city taxes, to attach in the same manner and at the same time, after the date of such delinquency. In case such tax and penalty shall be unpaid at the time of the next succeeding annual tax sale, the property upon which such tax shall be levied, shall be included in the advertisement and sale for delinquent taxes, and shall be subject to the same terms of redemption as other property sold for taxes." ·Ordinances of Dubuque, 47.

The city council, by resolution, ordered the work to be done for the improvement of the streets upon which the lots of defendants are situated, and assessed a special tax upon them for its payment. In the first case a question is raised as to whether such a levy was really made, and objection is also raised to the evidence by which it is claimed by plaintiff to be proved. We find it unnecessary to determine these points.

The publication of the resolution ordering the work, required by the first section of the ordinance above quoted, as well as the publication of the resolution levying the tax required by the second section, was not made, and upon this state of facts is based a question which, in our opinion, is decisive of the cases. We hold that the publication of the resolution prescribed in the ordinance is necessary in order to authorize the city to enforce, in any

manner, the collection of the tax. The ordinances of the city are laws equally binding upon the city and the citizens. They cannot be dispensed with by the city when rights are secured under them or the exercise of power by the city is regulated by them, or power itself, conferred by the charter, flows through them. The city, if these laws require preliminary proceedings or acts necessary to the acquisition of power or rights in particular cases, cannot dispense with their requirements. If the acts to be done, or proceedings to be had, are not necessary; if the requirements of the city laws are directory only, they may be dispensed with. We must determine, therefore, whether the publication of the resolution is an act of that character.

The power of taxation conferred upon the city by the sections of its charter above quoted is the highest power and subject to less restraint than any other exercised by a free government. The particular taxes authorized—special taxes upon particular property — from their nature may be, if illegally levied, sources of the greatest oppression to the citizen. We know of no reason why, in levying and collecting them, a less degree of strictness, in following the law authorizing them, shall be exacted than in other cases of taxation. It will not, we presume, be claimed that such a want of compliance with law, in the case of general taxes, as is shown in the record before us, would not defeat the right of the government to enforce their collection.

The publication required by the second section of the ordinance is undoubtedly necessary in order to fix the liability of the tax payer, for, by the terms of the ordinance, the tax is declared to be due and payable after the publication is completed. We do not think the tax can become "due and payable" until this requirement is complied with. The city has chosen to fix this condition

to its right to enforce the tax; it must be performed. The principles of law, in support of this conclusion, are familiar and need not be further stated.

The counsel for plaintiff argue, that, by this action, defendants may have all the benefits they could have had from the publications, which are designed by the ordinance to give lot owners notice of the levy of the tax, that they may have an opportunity to resist it. This, it is claimed, can be done in this action, and as no just reason is shown against the payment of the tax, it ought to be enforced. The difficulty is, that plaintiff fails at the very foundation of the claims; it does not show their legal existence. Defendants cannot be required to show reasons for not paying them until plaintiff establishes their existence. By the very terms of the ordinance the tax is to become due and payable upon making the publications, which was not done. Plaintiff has therefore failed to show the existence of any claims upon defendants that are " due and payable."

We are of the opinion, therefore, that plaintiff's actions cannot be maintained, and that the decision of the General Term must, in each case, be

Affirmed.