## STARR v. THE CITY OF BURLINGTON.

1. **Municipal Corporations:** MANDATORY ORDINANCE: JURISDICTION. It is competent for a city to prescribe by ordinance the manner in which jurisdiction may be acquired over particular subjects, and if the requirements of the ordinance are mandatory, an act of the city without acquiring jurisdiction in the manner prescribed is void.

2. ———: ———: IMPROVEMENT OF STREETS. An ordinance directing that improvements in streets shall be ordered by resolution describing the streets and improvements, and that notice shall be given by the publication of the resolution, is not directory but mandatory.

3. ———: ———: ———. The receipt and reference to the proper committee of a petition asking that the improvements be made, a resolution directing the committee to advertise for and receive bids, and another resolution directing them to contract with the lowest bidders for the performance, did not constitute a compliance with such an ordinance and did not confer upon the city jurisdiction to make the improvement and subject an adjacent property holder to liability therefor.

4. ———: ———: ESTOPPEL. The proceedings for the levy of the assessment being without jurisdiction and void, the property holder is not estopped to deny their validity by the fact that he made no objection while the improvement was in progress.

5. ———: RECOVERY FOR IMPROVEMENTS: SPECIAL CHARTERS. Prior to the taking effect of the Code, a city organized under a special charter could not recover from the owners of lots the cost of improvements of adjacent streets, notwithstanding any irregularity or defect in the proceedings under which the work was ordered.

6. ———: IMPROVEMENT OF STREETS: SCOPE OF STATUTE. The proceedings under which the improvement was ordered having taken place and the contract for the work been made prior to the time when the Code took effect, they will be governed by the statute then existing, and the provisions of the Code will not apply.

7. **Practice in the Supreme Court:** ABSTRACT: EVIDENCE. Where the appellee has filed an amended abstract, which contained evidence alleged to have been omitted in the abstract submitted by appellant, he will not be permitted to maintain that all the evidence in the case is not before the court.

*Appeal from Des Moines District Court.*

MONDAY, DECEMBER 11.

ACTION in chancery to restrain the city of Burlington from selling a lot owned by plaintiff, upon an assessment made

thereon for macadamizing an adjacent street. The defendant filed an answer and cross-bill alleging the street was improved under proper and lawful action of the city directing the work to be done and the cost thereof to be assessed upon the property, and praying that the value of the improvement may be charged against plaintiff, and a personal judgment rendered against him therefor. A decree was entered dismissing plaintiff's petition, and judgment was rendered for the cost of the improvement, which was made a lien upon the lot. Plaintiff appeals.

*C. E. Starr* and *Powers & Antrobus*, for appellant.

*S. K. Tracy*, for appellee.

BECK, J.—Under an ordinance of the city of Burlington its council are authorized, upon a petition of the resident owners of property abutting upon a street, to order it to be macadamized and otherwise improved, the cost thereof to be assessed upon the real property abutting upon the part of the street so improved. The third section of this ordinance provides that, "the manner of making such improvement, * * * · * * and of assessing and collecting the expense thereof, and all proceedings in relation to the same, shall be the same as now provided by ordinance No. 27," etc. The ordinance 27 provides that, "it shall be lawful for the city council, by resolution describing the street, avenue, etc., or other place to be improved, and the character of the improvement, to order and direct such improvement, and require the cost and expense thereof to be levied and assessed as a special tax upon the lots and parcels of ground, or any part of either, fronting or lying along the street, etc., to be improved, which said resolution shall be published at least once with other council proceedings."

I.  The ordinances, in terms, require the work to be ordered by a resolution to be published in the manner prescribed. The city, by its ordinance, having prescribed these proceedings, must pursue them in order to bind the property holder and render him liable for the cost of the work. The city can-

not be exempted from the duty of obeying its own laws. It has prescribed the steps to be taken which will give it jurisdiction to levy assessments. These indicated in the parts of the ordinances above quoted, are, 1. An order for the work in the form of a resolution; 2. The publication of this order. The first calls into exercise municipal authority, under which the improvement is to be made, and is the expression of the legislative will of the city applied to the subject of this authority, the improvement of the street in question; the second is the means of communicating to the people a knowledge of the exercise of municipal authority which is necessary to bind the persons to be affected thereby. The ordinances quoted provide for the manner of municipal legislation in the exercise of authority conferred by the city charter. The citizen cannot be bound unless the authority be exercised in the manner prescribed.

It is competent for the city, when not inconsistent with restrictions of its charter, by ordinance to prescribe the steps 1. MUNICIPAL to be taken in order to acquire jurisdiction over corporation: mandatory particular subjects. If these steps are not taken, ordinance: jurisdiction. and the requirements of the ordinance are mandatory, the act of the city in an attempt to exercise authority will be void. *The City of Dubuque v. Wooton*, 28 Iowa, 571; Dillon's Mun. Cor., § § 610, 643, 245.

In the case before us, the requirements of the ordinance quoted, to the effect that the improvement of streets shall be 2. ——: ——: ordered by resolution describing the streets and improvement of streets. the improvement, cannot be regarded as simply directory, for the reason, as we have seen, such resolution is the very act whereby the city acquires jurisdiction. Neither is the requirement that notice be given, by the publication of the resolution, directory. Both of these requirements are mandatory. *City of Dubuque v. Wooton, supra.*

II. Having announced this well settled doctrine, we will consider the facts which render it applicable to the case before us.

The record fails to show a resolution ordering the work, as

required by the city ordinances; no such resolution was adopted by the city council. There was, of course, no publication, as required in such cases. The action of the city council upon the subject was confined to the receipt and reference to a proper committee of a petition of property holders asking that the improvement be made; a resolution directing the proper committee to advertise for and receive bids for the work; the receipt and opening of bids and their reference to a committee, and its report; a resolution directing the committee to enter into a contract with the lowest bidder, and that the cost of the improvement be assessed to the property abutting thereon, and other proceedings affecting the contractor. It cannot be claimed that these acts, or any of them, are in substance or effect an order for the work by resolution describing the streets and the improvements to be made. The city, therefore, failed to acquire jurisdiction of the subject upon which it attempted to exercise authority, and plaintiff and his property are not bound by its action.

III. As the proceedings for the levy of the assessment upon plaintiff's property are void—were without jurisdiction from the very beginning, he is not estopped to deny their validity on the ground that he made no objection to the proceeding while the improvement was in progress. As to mere irregularities, when jurisdiction in such a case is acquired, he would be estopped by his silence to object thereto. *Patterson v. Baumer*, 43 Iowa, 477. The rule does not extend to the case of improvements made without jurisdiction therefor having been first acquired.

IV. It is argued that defendant may recover of plaintiff the reasonable value of the improvement under Code, § 479, which authorizes recovery in an action brought under the provisions of preceding sections by a city against owners of lots for the cost of improvements of adjacent streets "notwithstanding any informality, irregularity or defect" in proceedings under which the work was ordered and performed. The last sentence of the section makes the provision applicable to cities acting under special charters. But this sentence is not found in the section as it

appears in the Revision; it is an original provision introduced by the Code.

The section as it stood in the Revision is applicable to municipal corporations organized under the general statute of the State, being a part of that enactment. The city of Burlington, when the proceedings involved in this case were had and the work was completed, was a municipal corporation chartered by a special statute. The work was completed on or before the 29th day of December, 1873, and, of course, all proceedings of the city council relating thereto were had prior to that date. The city on the 8th of March, 1875, abandoned its special charter and was organized under the general incorporation statute.

It cannot be claimed that the section in question, as it stood in the Revision, being a part of the general incorporation law under which cities may be organized, and applicable to proceedings had by such cities, can be applied to cities existing under special charters for the simple reason that proceedings of the last named cities are not of its subject. There are no words in the statute which extend its provisions to the acts of cities organized under special statutes.

V. We are next to inquire whether the provisions of the section as it stands in the Code are to be extended to the proceedings involved in the case before us. These proceedings were had and the contract for the work was made prior to September 1, 1873, when the Code took effect. The position of defendant's counsel, that the clause making the section applicable to proceedings of cities existing under special charters extends the provision to this case, if sustained, would give the part of the section originally introduced by the Code retroactive effect. The proceedings in question were had and the rights of parties involved in this action accrued before the clause of the statute, upon which defendant relies to support his position, was enacted. If the proceedings and rights involved in this case constitute a proper subject for retrospective legislation, the statute will not be so construed as to affect them in that character, unless an intention of the legislature clearly appears to

*6. ——: improvement of streets: scope of statute.*

give it that operation. *State v. Squires*, 26 Iowa, 340; *Bart-ruff v. Remey*, 15 Iowa, 257; *Forsyth v. Ripley*, 2 G. Greene, 181; *Davis v. O'Ferrall*, 4 G. Greene, 168. But no such intention appears either expressly or by implication. The provision under consideration must, therefore, be so construed that it will have prospective operation only. It is not, for this reason, applicable to the proceedings involved in this case.

VI. It is claimed by defendant's counsel that the abstract of plaintiff, upon which the cause is submitted, does not present all the evidence and that, therefore, the questions of fact presented in the case cannot be determined by us. In answer to this position it

7. PRACTICE in the supreme court: abstract: evidence.

is sufficient to say that, while the abstract of plaintiff is defective in not avering that all the evidence is presented therein, the defendant filed an amended abstract to supply omissions made by plaintiff, without claiming that, with the parts of the records so supplied, the case would not be fully presented and the evidence would not be all before us. Defendant's amended abstract contains certain evidence alleged to be omitted by plaintiff. After the filing of the amended abstract with the alleged omitted evidence, we must consider the testimony all before us. The defendant will not be permitted to set up, after claiming to supply by an amended abstract parts of the evidence which as alleged was omitted by the other party, that we have not all the evidence before us. The plaintiff could well rely upon the amended abstract as presenting all the evidence which the defendant deemed necessary to be brought to our attention, and would be thus induced, if he discovered any omission, to forbear supplying it. The judgment of the District Court is

REVERSED.