AMY WILSON, APPELLANT, V. CITY OF AUBURN ET AL., APPELLEES.

[FILED OCTOBER 3, 1889.]

Municipal Corporations : SIDEWALKS : TAXES : INJUNCTION. In the year 1886, the mayor and council of the city of A., under an ordinance previously passed, ordered the construction of a sidewalk along the line of a street upon which plaintiff's property abutted.   Upon the walk not being constructed by her within the required time the city by its officers constructed it and imposed a tax therefor according to the benefits received, which tax was duly certified to the proper county officials, when it was placed upon the tax list for collection as other taxes.   In a suit to enjoin its collection upon the ground that it was illegally levied, owing to the irregularities in the order requiring the construction of the sidewalk and the failure to give notice thereof, it was *held,* that the tax imposed not having been levied "for an illegal or unauthorized purpose," the action could not be maintained.

APPEAL from the district court for Nemaha county. Heard below before BROADY, J.

*Stull & Edwards,* for appellant:

Section 144, chapter 77, Compiled Statutes, is inapplicable here (1) because it refers to taxes, while this is a proceeding to restrain the collection of an assessment, and there is a plain distinction between taxes and assessments (*Hanscom v. Omaha,* 11 Neb., 41; Opinion of Judges, 58 Me., 591; *Hilbish v. Catherman,* 64 Pa. St., 154, 159; *Judd v. Driver,* 1 Kas., 455, 462); (2) even if the present case comes under the head of taxes, it falls within the express exception of the statute, being a tax for unauthorized purposes. (*Earl v. Duras,* 13 Neb., 235; *Thatcher v. Adams Co.,* 19 Neb., 486.) Cities of the second class have no power to construct sidewalks without enacting a valid ordinance, and the ordinance in this case was not drafted in the style required by the statute. The variance is fatal, because a corporation must act in the statutory mode. (*Hurford v. Omaha,* 4 Neb., 350; *Abbott v. Smelting Co.,* Id., 422.) Even if the ordinance is held valid, its provisions requiring notice to lot owners were not complied with. Notice is jurisdictional, for ordinances have the force of statutes (Dillon, Mun. Cor., 3d ed., sec. 308); and strict compliance with the statute is necessary. (Wade on Notice, sec. 1105.) Notice must describe material. (*Tufts v. Charlestown,* 98 Mass., 583.) However equitable it may be, a tax is void unless legally assessed. (*Joyner v. School District,* 3 Cush. [Mass.], 567, 572.)

*W. H. Morrow,* for appellees:

The tax was not illegal or unauthorized, being assessed by an ordinance passed in accordance with subdivision 4, section 52, chapter 14, Comp Stats, enabling cities of the second class and villages to construct sidewalks, etc.

Section 144, chapter 77, is applicable here. Equity will not enjoin the enforcement of a tax proceeding on the ground of irregularities in the assessment or in the execution of powers conferred upon tax officers, the remedy at law being deemed sufficient. (*Hallenbeck v. Hahn*, 2 Neb., 427, and cases cited.) If it is held that the court below had jurisdiction, appellant must show that the injury has been or may be done, before an officer will be enjoined from the performance of his duty. (*McLaughlin v. Sandusky*, 22 N. W. Rep., 241.) Mere irregularities in assessment do not defeat the tax unless they prejudice the person taxed. (*Stockle v. Silsbee*, 2 N. W. Rep., 900.) Under our laws a taxpayer feeling himself aggrieved by an assessment has an adequate remedy at law, and neglecting this cannot obtain relief in equity. (*B. & M. R. Co. v. Seward County*, 10 Neb., 211; *Hopkins v. Keller*, 16 Id., 569.) The notice was sufficient, and where there was authority to impose the tax, and the party must have known the facts, he cannot, after an improvement is made, enjoin the collection of a tax assessed to pay for it. (*Barker v. Omaha*, 16 Neb., 269.) The variance in the ordaining clause is immaterial, as even the entire omission of the statutory form of the clause does not avoid the ordinance without a provision of statute to that effect. (*People v. Murray*, 24 N. W. Rep., 118.)

REESE, CH. J.

This action was instituted in the district court of Nemaha county, and was for the purpose of enjoining the collection of certain taxes or special assessments levied upon the property of plaintiff for the construction of a sidewalk. Plaintiff was the owner and occupant of block three in Howe, Mixer and Wilson's addition to the city of Auburn, she having resided on the property for a number of years. The city council of Auburn made an order requiring the construction of a sidewalk along one side of

the block referred to. The sidewalk not having been constructed by plaintiff as required by the ordinances of the city, the street commissioner, after the expiration of the time in which she was permitted or required to construct it, constructed a walk and made his report to the city officers, who at a special meeting made a levy of taxes amounting to $48.60 upon the block, and certified the same to the proper county officers. The treasurer is made a party defendant to this action. A trial was had to the district court which resulted in a general finding in favor of defendant, and a decree dismissing plaintiff's petition. From this decree plaintiff appeals to this court.

The first question presented requiring our attention is as to the jurisdiction of the district court in cases of this kind, under the provisions of section 144 of chapter 77 of the Compiled Statutes, entitled Revenue, which provides that "no injunction shall be granted by any court or judge in this state to restrain the collection of any tax or any part thereof hereafter levied, nor to restrain the sale of any property for the non-payment of any such tax, except such tax or the part thereof enjoined be levied for an illegal or unauthorized purpose."

If the assessment made by the city council could properly be denominated a tax, within the provisions of the section above quoted, and if the assessment were made for a *legal* and *authorized* purpose, the decision of the court was correct, and will have to be affirmed without further investigation. There is no doubt but that the provision above quoted includes ordinary city or village taxes levied for the purposes of general revenue for such city or village, and to be collected by the county treasurer, and they are included within the provisions of the chapter by sections 109, 144, 145, 146, and others, which it is not necessary to copy. It then becomes necessary to inquire whether special assessments of the kind made in this case can fall within the provisions of said sec. 144. Sec. 6 of

art. 9 of the constitution, entitled Revenue and Finance, is as follows: "The legislature may vest the corporate authorities of cities, towns, and villages with power to make local improvements by special assessments or by special taxation of property benefited. For all other corporate purposes, all municipal corporations may be vested with authority to assess and collect taxes, but such taxes shall be uniform in respect to persons and property within the jurisdiction of the body imposing the same."

In carrying out the provisions of this section the legislature has enacted art. 1 of chap. 14, Compiled Statutes, included in which is sec. 69, a part of which we here copy:

"Sec. 69. In addition to the powers hereinbefore granted cities and villages under the provisions of this chapter, each city and village may enact ordinances or by-laws for the following purposes:

\*    \*    \*    \*    \*·    \*    \*    \*    \*    \*

"IV. To construct sidewalks, to curb, pave, gravel, macadamize, and gutter any highway or alley therein, and to levy a special tax on the lots and parcels of land fronting on such highway or alley to pay the expenses of such improvement. But unless a majority of the resident owners of the property subject to the assessment of such improvement petition the council or trustees to make the same, such improvement shall not be made until three-fourths of all the members of such council or trustees shall by vote assent to the making of the same.

\*    \*    \*    \*    \*    \*    \*    \*·    \*    \*

"VII. Assessments made under the provisions of the last three preceding subdivisions of this section shall be made and assessed in the following manner:

"*First* — Such assessment shall be made by the council or board of trustees at a special meeting by a resolution fixing the valuation of such lot assessed, taking into account the benefits derived or injuries sustained in consequence of such contemplated improvements, and the amounts charged

against the same, which, with the vote thereon by yeas and nays, shall be spread at length upon the minutes. Notice of the time of holding such meeting, and the purpose for which it is to be held, shall be published in some newspaper, published or of a general circulation in said city or village, at least four weeks before the same shall be held, or in lieu thereof, personal service may be had upon persons owning or occupying property to be assessed.

"*Second*—All such assessments shall be known as 'special assessments for improvements,' and shall be levied and collected as a special tax in addition to the taxes for general revenue purposes, to be placed on the tax-roll for collection, subject to the same penalties, and collected in like manner as other city or village taxes."

It will be seen that the tax referred to, in so far as its collection is concerned, is simply an additional one levied upon the particular property and that it "shall be levied and collected as a separate tax in addition to the taxes for general revenue purposes, and placed on the tax-rolls for collection, *subject to the same penalties, and collected in like manner as other city or village taxes.*"    In this particular it must be treated as any other tax.

In this connection our attention is called to *Hanscom v. The City of Omaha,* 11 Neb., 37, in which the then Chief Justice, MAXWELL, shows the distinction between taxes of this kind and those imposed for general revenue.    While the distinction claimed clearly exists, yet it is only in the purpose or policy of the taxation, and not its method of enforcement.    That it is a tax must be conceded, but instead of being imposed "for the enforcement of the law, and protection to life and property," it is for the public good, but owing to the direct benefit to be received by the abutting property it would be equitable to require the property so benefited to sustain the burden according to the "benefit derived or injury sustained" as the case may be.    The authority to require the property specially benefited to bear

the expenses of local improvement is a branch of the taxing power, or included in it, and whether they shall be paid out of the general treasury or by an assessment on the abutting and benefited property is simply a question of legislative expediency, unless especially excepted by constitutional provision. See 2 Dillon on Municipal Corporations, 3d ed., sec. 752 *et seq.*

Irregularities in making the assessment, if any existed, could not invalidate the tax (sec. 141, ch. 77, Comp. Stat.), and therefore the right to maintain this action could not be based upon that ground alone. The general authority to construct the sidewalk and impose a special tax existed. The power having been exercised only irregularly at most — the property being legally subject to the burden — the tax was not for " an illegal or unauthorized purpose."

The decree of the district court was therefore correct and is affirmed.

JUDGMENT AFFIRMED.

THE other Judges concur.