MILDRED E. IVES ET AL., APPELLANTS, V. H. B. IREY, COUNTY TREASURER, ET AL., APPELLEES.

FILED APRIL 21, 1897. No. 7154.

1. **Municipal Corporations: JURISDICTION: ORDINANCES.** It is competent for a city, in the absence of constitutional or statutory restrictions upon its powers, to prescribe by ordinance the means by which it may acquire jurisdiction over a particular subject.

2. ——: SIDEWALKS: ORDINANCES. An ordinance of a city authorizing the council thereof, by resolution, to require the construction of sidewalks in front of, and adjacent to, any premises situated upon any street, and which provides for notice to property owners by the publication of such resolution, is not directory merely, but mandatory; and a strict compliance therewith is essential in order to confer upon the city authority to charge private property with the cost of such improvements.

3. ——: VOID SPECIAL ASSESSMENTS: INJUNCTION. A court of equity will restrain the sale of land in satisfaction of a void special assessment. (*Touzalin v. City of Omaha*, 25 Neb., 817; *Bellevue Improvement Co. v. Village of Bellevue*, 39 Neb., 876.) *Wilson v. City of Auburn*, 27 Neb., 435, distinguished.

APPEAL from the district court of Douglas county. Heard below before WALTON, J. *Reversed.*

The opinion contains a statement of the case.

*Lake, Hamilton & Maxwell*, for appellants:

The resolution requiring the construction of the sidewalk in controversy not having been published, the action

of the city in laying the walk and in levying the assessment therefor was illegal and void. (*City of Dubuque v. Wooton*, 28 Ia., 573; *Starr v. City of Burlington*, 45 Ia., 87; *Roche v. Dubuque*, 42 Ia., 250; *Buckley v. City of Tacoma*, 37 Pac. Rep. [Wash.], 442; *McGavock v. City of Omaha*, 40 Neb., 82; *Scammon v. City of Chicago*, 40 Ill., 146; *Rork v. Smith*, 55 Wis., 67; *Johnson v. City of Oshkosh*, 21 Wis., 186; *Cowen v. Village of West Troy*, 43 Barb. [N. Y.], 52; *Leach v. Cargill*, 60 Mo., 316; *Brewster v. City of Newark*, 11 N. J. Eq., 114; *Newberry v. Fox*, 33 N. W. Rep. [Minn.], 333; *Leach v. Cargill*, 60 Mo., 317; *Kiley v. Oppenheimer*, 55 Mo., 374; *Williams v. Mayor*, 2 Mich., 561; *Welker v. Potter*, 18 O. St., 85; *Hawes v. Reis*, 40 Cal., 255; *Sewall v. St. Paul*, 20 Minn., 511; *Ormsby v. City of Louisville*, 20 Am. Law Reg., 269; *Shaw v. Williams*, 87 Ind., 158; *Bryant v. State*, 16 Neb., 651.)

Where a special assessment for an improvement is for any reason void, injunction may be granted against its enforcement. (*Touzalin v. City of Omaha*, 25 Neb., 817; *Bellevue Improvement Co. v. City of Bellevue*, 39 Neb., 877; *Morris v. Merrell*, 44 Neb., 424; *City of Omaha v. Megeath*, 46 Neb., 503; *Smith v. City of Omaha*, 50 Neb., 883.)

*W. J. Connell* and *Lee S. Estelle*, contra.

Reference: *Wilson v. City of Auburn*, 27 Neb., 435.

POST, C. J.

This was an action in the district court for Douglas county by the plaintiffs, Mildred E. Ives and Virginia Druien, to restrain the sale by defendant Irey, as county treasurer, of the southeast quarter of the northwest quarter of section 29, township 15, range 13, in said county, in satisfaction of a special assessment in the sum of $436.56, for the constuction of a sidewalk on the north side of Park street adjacent to said premises, in the city of Omaha. The district court, upon a final hearing of the cause, found generally for the defendants, and entered a

decree dismissing the petition of the plaintiffs, from which the latter have prosecuted an appeal to this court.

The facts essential to an understanding of this controversy may be briefly stated as follows: In the month of September, 1890, a resolution was adopted by the council, and approved by the mayor of the city of Omaha, requiring the construction of a wooden sidewalk in front of the property described, within fifteen days from and after the publication thereof. Said resolution was not published in any manner, although the following notice was printed in the official newspaper of the city for three days, to-wit, November 23, 24, and 25, 1890:

"Notice is hereby given to the owner or owners of the following real estate in the city of Omaha to lay and repair sidewalks in front of and adjoining their property within fifteen days from the 23d of November, 1890. Such sidewalks to be constructed, laid, and repaired in accordance with plans and specifications on file in the office of the board of public works, and in accordance with resolutions adopted by the city council, to-wit: * * * North side of Park street, southeast one-quarter of the northwest one-quarter of section 29, township 15, range 13, 6 feet, present grade.      P. W. Birkhauser,
*"Chairman of the Board of Public Works."*

In the month of December, 1890, one Burns, claiming to act under and by virtue of a contract with the city, laid the sidewalk in question and for which the city council subsequently levied the special assessment complained of. Said assessment was by Henry Bolln, as treasurer of the city, reported to the defendant Irey, county treasurer, by whom the property was advertised for sale, with the result stated. Plaintiffs are non-residents, and had no actual notice of the proceedings which led to the construction of the sidewalk until some time in the month of March, 1891. Power is by section 69 of the charter of the city of Omaha (Compiled Statutes, ch. 12a, entitled "Cities of the Metropolitan Class") conferred upon the mayor and council to construct and repair sidewalks, and to

require the construction thereof by property owners within said city, although no method is by statute prescribed for the exercise of the power thus conferred. It must, however, be conceded that in the absence of a special provision upon the subject, proceeding by ordinance is at least an appropriate means of giving effect to the legislative intent. The city council, acting upon the authority conferred by the provision of statute, to which reference has been made, provided by ordinance as follows:

"Sec. 3. Whenever the city council may deem it expedient it may by resolution require the sidewalk in front of or adjacent to any premises along any street within the city to be constructed, widened, or repaired. * * * The board of public works is hereby directed to take the necessary steps to have the said work done by the owners in conformity to such plans and specifications, rules, and regulations as said board may require, and in the event of the failure of the owners to have such walks built, to cause the same to be laid by the contractor who shall have been awarded the contract for the construction of sidewalks. * * *

"Sec. 4. Said board shall cause a copy of said resolution to be published in the official paper of the city three times a week for one week, * * * and such publication shall be deemed good and sufficient notice to the owner or owners of the property in front of, abutting on, or adjacent to which such sidewalk is to be constructed, widened, or repaired. * * *

"Sec. 5. All sidewalks shall be constructed, widened, or repaired by the owner or owners of the property in front of, abutting on, or adjacent to which the same are ordered, in the manner required by this ordinance, within fifteen days after the completion of the publication of said resolution * * * as above required.

"Sec. 6. If at the expiration of fifteen days from the publication of said notice as above required the sidewalk ordered constructed, widened, or repaired shall not be

constructed, widened, or repaired, as by this ordinance
required, and in strict accordance with the requirements
prescribed by the board of public works, then said board
shall direct the sidewalk contractor to immediately con-
struct, widen, or repair such walk, and it shall be the
duty of such contractor to do said work without unneces-
sary delay." (See Connell's Revised Ordinances of the
City of Omaha, ch. 62, secs. 3-6.)

The first and only one of the several propositions dis-
cussed by appellants which need be noticed at this time
is that the provision made by ordinance for publishing
the resolution therein contemplated is mandatory, and a
compliance therewith essential in order to charge prop-
erty with the cost of the proposed improvement. It is
without doubt competent for the city, except when pro-
hibited by restrictions of its character, to prescribe by
ordinance the steps essential in order to acquire jurisdic-
tion over a particular subject. (*City of Dubuque v. Wooton*,
28 Ia., 571; *Roche v. City of Dubuque*, 42 Ia., 250; *Starr v.
City of Burlington*, 45 Ia., 87; *Welker v. Potter*, 18 O. St., 85;
*Williams v. City of Detroit*, 2 Mich., 560; *Kiley v. Oppen-
heimer*, 55 Mo., 374; *Leach v. Cargill*, 60 Mo., 317; *Buckley
v. City of Tacoma*, 37 Pac. Rep. [Wash.], 442; *Hewes v. Reis*,
40 Cal., 255; 1 Dillon, Municipal Corporations [3d ed.],
sec. 308; 2 Dillon, Municipal Corporations, sec. 811.) In
*Dubuque v. Wooton, supra*, a case in point, the court, per
Beck, J., make use of the following pertinent language:
"We hold that the publication of the resolution prescribed
in the ordinance is necessary in order to authorize the city
to enforce, in any manner, the collection of the tax. The
ordinances of the city are laws equally binding upon the
city and the citizens. They cannot be dispensed with by
the city when rights are secured under them or the exer-
cise of power by the city is regulated by them, or power
itself, conferred by the charter, flows through them. The
city, if these laws require preliminary proceedings or
acts necessary to the acquisition of power or rights in par-
ticular cases, cannot dispense with their requirements."

The reasoning employed in the opinion, from which we quote the foregoing, fairly illustrates the prevailing sentiment, if, indeed, there can be said to exist a diversity of opinion on the subject.   The authorities cited also fully sustain the contention that the provision here involved is not directory merely, but mandatory, and that a strict compliance therewith is a condition precedent to the exercise of the taxing power by the city.   We are referred by counsel for appellees to section 144 of the revenue law (Compiled Statutes, ch. 77), by which it is, among other things, provided: "No injunction shall be granted by any court or judge in this state to restrain the collection of a tax, or any part thereof, hereafter levied, nor to restrain the sale of any property for the non-payment of any such tax, except such tax, or the part thereof enjoined, be levied or assessed for an illegal or unauthorized purpose." That provision, it was said in *Wilson v. City of Auburn*, 27 Neb., 435, does not relate to taxes for general purposes alone, but is also applicable to special assessments of the character here involved.   We are, however, of the opinion that the limitation thereby imposed upon the powers of courts of equity, so far at least as it relates to special assessments, embraces those charges only which are voidable on appeal or other direct proceedings by reason of irregularities in the assessment or levy, and not such as are void for want of jurisdiction to make the assessment. The statute, in so far as it relates to taxes for general purposes, may be said to be declaratory of the rule which forbids interference by the courts to prevent the apportionment of that which is in a general sense recognized as an equitable burden upon all property subject to taxation. One who appeals to equity for relief against such a charge will, as a condition to the granting of relief sought, be required to show that he has discharged his objection to the state by contributing his just share of the public revenue. But there is in this class of cases no antecedent obligation, and no sufficient reason has been suggested for extending the inhibition of the statute to assessments confessedly

void, and which could by no efflux of time ripen into valid obligations. The views here expressed are not without support in the decisions of the courts of this and other states. (See *Touzalin v. City of Omaha,* 25 Neb., 817; *Beaser v. City of Ashland,* 89 Wis., 28; *Dietz v. City of Neenah,* 91 Wis., 422; *Balfe v. Lammers,* 109 Ind., 347; *City of Terre Haute v. Mack,* 139 Ind., 99.) The precise grounds alleged for the relief sought in *Wilson v. City of Auburn, supra,* are not indicated by the reported decision, further than that they appear to have involved irregularities merely in the proceedings antecedent to the assessments, and not the omission of steps having the force and effect of jurisdictional process. That case is accordingly, on principle, distinguishable from one like this in which the attempted assessment is absolutely void by reason of the failure to observe some mandatory requirement of statute.

The decree is reversed and the cause remanded to the district court for further proceedings therein not inconsistent with this opinion.

REVERSED.