# CIRCUIT COURT OF BALTIMORE CITY.

Filed July 5, 1899.

THOMAS BOND
VS.
WILLIAM T. MALSTER, MAYOR, ET AL.

*Edward Duffy* for plaintiff.
*Leon E. Greenbaum* for defendants.

STOCKBRIDGE, J.—

By the bill in this case the plaintiff seeks to enjoin the City Commissioner from advertising for bids, and the Mayor, Comptroller, City Register, City Solicitor and President of the Second Branch of the City Council from awarding a contract for the paving of St. Paul street, between Twenty-fifth and Thirtieth streets, under the terms of an Ordinance No. 198, approved April 27th, 1899.

The ground on which the injunction is asked is that the Ordinance was not validly passed, in that by the advertisement of the notice of the meeting of the joint standing Committee on Highways of the two branches of the City Council, called to consider the said Ordinance, the place of the meeting of the said committees was omitted. There is no question of constitutionality as in the case of Ulman vs. The Mayor and City Council, in 72 Md.; only the question of whether the omission mentioned, in the advertisement, is of such a character, under the Act of Assembly which gives the munic-

ipal corporation the power to make improvements of this class, as to render it fatal to the validity of Ordinance No. 198.

The City derives its authority to make improvements of this nature, and to charge the cost of making them upon adjacent property from the Legislature, by the Act of 1892, Chapter 219, re-adopted in the new City Charter in Section 6 under the sub-title, "Streets, Bridges and Highways," where the language used is, "that before the passage by either Branch of the City Council of any ordinance requiring the whole or any portion of the costs to be assessed upon the property, ten days notice shall be given in at least two of the daily newspapers of said city, and an opportunity shall be afforded to all persons interested therein, to appear and be heard before some appropriate committee of the council."

In furtherance of the purposes of this Act, on the 14th of March, 1893, the City Council of Baltimore adopted an ordinance, No. 50, by which it was provided, with respect to ordinances of this class, that the Joint Committee on Highways shall require the chief clerk of the branch in which the ordinance originated, to *give notice of the time and place* of the meeting of the committee.

In this case the notice, as given by the chief clerk of the branch, did state the time, but omitted the place, and the sole question with which the Court has now to deal, is the effect of such omission.

It is settled by a long line of cases that where the mode of procedure to be followed in the enactment of ordinances which impose upon the citizens the burden of making public improvements and hold the property of the individual liable therefor, is prescribed by charter or statute, such mode must be strictly followed, or the ordinance will be invalid.

Beach on Public Corporations, Sections 1041, 1042.

Dillon on Municipal Corporations, Sections 605, 606.

It is conceded that if the Act of 1892, now a part of the City Charter, in terms required the notice to state the time and place of the meeting, of the committee, the notice as advertised for the Ordinance No. 198, would be insufficient, but it is contended that the

statute only requires a published notice of ten days, and that any notice given for the prescribed time gratified the requirement of the statute. What, then, is a "notice?" This can not be given a definition that will be applicable to every condition, for the object to be subserved must in each case determine what is, or what is not, notice in the particular instance.

Under this statute the object is that all persons interested in, or to be affected by the proposed improvement, may have an opportunity to appear before the committee and be heard upon the subject. For the accomplishment of that object it is essential that such persons be apprised by the notice both *when* and *where* the opportunity will be afforded. The time is no less material than the place. A committee of a municipal corporation is not such an official body as to have but one well-known place of assembling that the public is bound to take notice of it.

Indeed it would have been in such a matter equally reasonable for the committee to have assembled either in a committee room or upon the site of the proposed improvement, and for the accomplishment of the object of the Act it was of equal importance to those to be affected by the proposed ordinance to know the committee having the same under consideration, and the time, when and place where those interested therein could have an opportunity to be heard. Each of them was an essential element, no one any more so than the others, and each is to be regarded therefore as among the class of requirements usually spoken of as mandatory.

The fact that the time or place could have been ascertained by application to the chief clerk of the branch does not obviate the difficulty, for so could the entire subject matter without any advertisement whatever; when the statute makes those interested entitled to notice, it means full notice, not partial information with an essential ingredient omitted. The notice as given in this case was, therefore, not such a one as the statute contemplated, and hence the ordinance was not in a condition to be passed by either branch of the City Council at the time it was attempted to be passed, and the supposed passage was therefore void, and the injunction must be granted as prayed for.

It is, perhaps, unnecessary to add more, but certain considerations were ably pressed by the counsel for the respondents, with regard to which it seems proper to add a word. Thus, it was urged, that the ordinance of March 14th, 1893, superimposed requirements for the passage of such ordinances as the one now under consideration to those required by the Act of Assembly, and that in such a case it was within the power of the Council to disregard such requirements, and that it is not within the power of the Court to inquire whether the requirements of the ordinance of March 14, 1893, were complied with or not, any more than a Court would inquire as to whether an ordinance was passed in conformity to the rules of procedure of the council.

In the view which has been taken of the statute, the ordinance of March 14, 1893, did not impose additional requirements to those of the charter, but merely defined them and designated the hand by which they were to be performed; but even if it had such additional requirements, would until repealed have been binding upon the City Council.

There is a material difference between a municipal ordinance and a rule of a council. The former is binding upon every citizen of the municipality and the municipal corporation itself until duly repealed; the latter is obligatory only upon the council which adopted it.

Dubuque vs. Wooten, 28 Iowa 574.

An ordinance until duly repealed, has all the force of statute law, upon the city itself and all the citizens, and can no more be ignored or violated by the municipal corporation or any of its branches of government, than it could be by the humblest citizen.

It is also urged that the ordinance under consideration should be regarded as a repeal *pro tanto* of the requirements of the ordinance of March 14th, 1893, but I can not adopt that view. Repeals by implication are never favored in law, and to justify such a conclusion it must appear clearly that such was the intent of the enacting body. Nothing in this case shows that intent, even in slight degree, and the argument therefore loses its force.

The plaintiff will, therefore, be granted the injunction, with costs.