ROBERT H. ROESCH, AS CLERK OF THE CIRCUIT COURT OF MANATEE COUNTY, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *ex rel.* A. F. WYMAN, *Defendant in Error.*

## ON REHEARING.

PARKHILL, J.—On petition for rehearing it is suggested that the court omitted to properly distinguish between a *special tax* and a *special assessment,* and that a special assessment like the drainage assessment in question is not a public tax like the special tax for roads or to build a courthouse and jail, etc., and therefore not covered by nor contemplated in the provisions of the general law of this State relating to finance and taxation. It is further suggested that the court omitted to duly consider the clause of Section 956 of the General Statutes of 1906, that expressly provides, "that no lien shall lie or be enforced against any tract of land for more than the amount so assessed against said tract," and that the collection of a penalty of 25 per cent and 8 per cent for non-payment of taxes would impose a lien for more than the amount so assessed.

Turning our immediate attention to the last suggestion,

let us consider the provisions of section 956 of the General Statutes of 1906, as follows:

"Assessments.—When such assessments have been ordered by the county commissioners they may issue script bearing six per cent. interest, redeemable in one, two, three, four or six years, as the case may be, upon which they may borrow money with which to pay for the work aforesaid, and such script shall be made a lien upon the lands assessed as aforesaid until such script shall be redeemed and the indebtedness fully satisfied; Provided, That no lien shall lie or be enforced against any tract of land for more than the amount so assessed against said tract."

We think the purpose and effect of the proviso in the quoted section is this; that while the script shall be made a lien upon all the lands assessed, yet each tract of land shall be subject to the lien for only the amount so assessed against said tract, and that each tract shall not be subject to the lien for the full amount of script issued. This section has reference to the lien of the script only, and has no reference to the collection of the assessment and interest thereon for the non-payment of the assessment.

By other Sections of Chapter 16 of the General Statutes of 1906, we find that whenever it shall be necessary or expedient to establish a public drain, ditch or canal for the benefit of lands that are low, submerged or liable to be submerged, provision is made for the designation of the commencement, route and terminus of said drain, for advertisement by the county commissioners for bids on said work, letting of a contract therefor, assessment of each parcel of the lands according and in proportion as each shall be benefited by the drain for all the expenses

that may be incurred in the construction of said drain and when such assessments have been ordered by the county commissioners, they may issue script upon which to borrow money with which to pay for the work aforesaid.

As the county is liable for payment of the script, a lien is imposed upon the land until the script shall be redeemed and the indebtedness fully satisfied, but the assessment against each parcel of land is, by the last clause of Section 955, "made a special fund for the cancellation or redemption of the indebtedness incurred in the construction of said ditch, canal or drain as aforesaid." Provision is then made by Section 955 for the collection of the assessments against the land: When the county commissioners shall be satisfied that such assessments are just and proper the amounts thereof shall "be turned over to the tax assessor with instructions to levy such assessment upon such parcel of land as aforesaid,—and shall be collected by the tax collector in like manner as *other taxes* are collected, and made a special fund for the cancellation or redemption of the indebtedness incurred in the construction of said ditch, canal or drain as aforesaid."

We think the term "assessment" in this drainage law of ours is a tax, a special tax, which owing to the direct benefit to be received by certain property, is specially levied against the property so benefited in accordance with the benefits. Wilson v. City of Auburn, 27 Neb. 435, 43 N. W. Rep. 257. The statute controlling this case seems to regard and treat the term "assessment" as a tax. Provision is made by Section 955 for the turning over of the amount of the assessment to the tax assessor with instructions to levy such assessment, and said assessment shall be collected by the tax collector in like manner as *other taxes* are collected...........as other taxes are collected.

Of course, the interest in the way of a penalty for the non-payment of this assessment or special tax should not be allowed unless authorized by law, but when we consider that this assessment goes upon the tax lists, and is collected by the collector, or the land sold for the non-payment thereof and the amount of this assessment goes into the tax sale certificate, and there is no other way provided for its collection, and the statute requires the payment *of the face of the tax sale certificate* in redemption thereof, we cannot see how the payment of the interest may be avoided.

A rehearing is denied.

TAYLOR and HOCKER, J. J., concur.

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, J. J., concur in the opinion.