CHICAGO, ST. P., M. & O. RY. CO.

v.

CITY of RANDOLPH et al.

Civ. 36–53.

United States District Court
D. Nebraska, Omaha.
June 21, 1954.

R. D. Neely and Harry B. Otis of Neely, Otis & Neely, Omaha, Neb., for plaintiff.

W. K. Dalton, Robert Van Pelt of Van Pelt, Marti & O'Gara, Lincoln, Neb., for defendants.

DONOHOE, Chief Judge.

This is an action by plaintiff to enjoin the collection of a special assessment in the amount of $9,304.88.

### Federal Jurisdiction

Plaintiff, Chicago, St. Paul, Minneapolis & Omaha Railway Company, is a corporation incorporated under the laws of Wisconsin. Defendant, the City of Randolph, is a municipal corporation, incorporated under the laws of Nebraska; and defendant, Louis Riibe, is a citizen of Nebraska. Since there is diversity of citzenship and the amount involved exceeds $3,000, exclusive of interest and costs, this court would ordinarily entertain jurisdiction. 28 U.S.C.A. § 1332. Earlier in the course of this litigation counsel for defendants by motion appropriate in form, suggested that the court should refuse to take jurisdiction because a Nebraska Statute provides that no action for an injunction will lie to restrain the collection of any tax except a tax levied for an illegal or unauthorized purpose. In overruling the motion based upon the foregoing ground the court cited Mid-Continent Airlines v. Nebraska State Board of Education, D.C., 105 F.Supp. 188, 195, which is suggestive of the real jurisdictional problem involved in this case; and although counsel for the defendants have seen fit neither to assert, nor to develop, this reason for refusing jurisdiction, the court now relies upon it to dispose of this case.

Section 1341 of Title 28, U.S.C.A. provides:

"The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."

The court is of the opinion that the special assessment involved herein is a tax within the meaning of the Section 1341, Title 28, U.S.C.A.

As stated in 63 C.J.S., Municipal Corporations, § 1290, at page 1026 et seq.:

"Broadly speaking, special assessments for benefits are part of the system of taxation, often being referred to as a method or species of taxation. The levy of such an assessment is an exercise of, and referable to, the taxing power, and an attribute of soverignty * * *."

In City of Omaha v. Hodgskins, 70 Neb. 229, 97 N.W. 346, the Supreme Court of Nebraska was asked to decide whether a special assessment levied upon the taxpayers real estate was a tax within the meaning of Section 77–1727 R.R.S., Nebr., which provides that no action will lie "to restrain the collection of *any tax*, * * * except * * *." The court held that the term "tax" as used in this statute included "special assessments" citing Wilson v. City of Auburn, 27 Neb. 435, 43 N.W. 257. See also Chicago & N. W. Ry. Co. v. City of Omaha, 156 Neb. 705, 57 N.W.2d 753.

The court is of the opinion that the special assessment levied pursuant to Nebraska law is a "tax" within the

**304**

meaning of the Federal Statute and that since the plaintiff has a plain, speedy and efficient remedy in the Nebraska courts, see Chicago & N. W. Ry. Co. v. City of Omaha, 156 Neb. 705, 57 N.W.2d 753, this case should be dismissed for lack of jurisdiction.

### Order

It Is Hereby Ordered By The Court that plaintiff's claim be and hereby is dismissed.