**Edith L. McDERMOTT, Appellant,**

v.

**JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY.**

No. 12493.

United States Court of Appeals Third Circuit.

Argued May 6, 1958.

Decided June 4, 1958.

Rehearing Denied July 3, 1958.

Bernard Sacks, Philadelphia, Pa., for appellant.

John J. Dautrich, Philadelphia, Pa., for appellee.

Before GOODRICH, McLAUGHLIN and HASTIE, Circuit Judges.

GOODRICH, Circuit Judge.

Plaintiff in this case brought suit on a life insurance policy. Pursuant to a directed verdict a judgment was given by the court to the plaintiff for the return of premiums paid and entered for the defendant for the claim upon the policy on

---

the basis of misrepresentation by the insured.

■ Plaintiff now says that the learned trial judge committed error in refusing to withdraw a juror and give a continuance so that she would be entitled to present evidence of the Massachusetts law under the Uniform Judicial Notice of Foreign Law Act, Pa.Stat. Ann. tit. 28, §§ 291–97 (Supp.1957). Defendant says that, although the case was discussed in pretrial conference, the plaintiff never mentioned a claim under Massachusetts law until immediately before trial. Therefore, defendant asserts that the plaintiff did not conform with the reasonable notice provision of the act, id. § 294, and that the judge had no other choice but to refuse to continue the case.

This controversy is purely illusory. Granted that reasonable notice of reliance on the foreign law is required under the Pennsylvania statute, that has nothing to do with the case. Federal courts take judicial notice of the law of all the states of the United States. Parkway Baking Co. v. Freihofer Baking Co., 3 Cir., 255 F.2d 641, and cases therein cited. That this still continues to be the rule after Erie R. R. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, is shown by the following language from Moore:

> "Judicial notice is so far procedural, certainly as it deals with the law of the various states, and so affects judicial administration in a nation where the state courts are not alien to the federal courts, that Erie should not control. * * * it was an old and settled rule that in cases coming up through the federal courts these courts took judicial notice of the laws of all the states. While there was some tendency after Erie for these courts to state that they would take judicial notice only to the extent that the state court would do, the consensus of present opinion is that Erie does not compel a federal trial court to follow such state doctrines of judicial notice." 5

Moore, Federal Practice 1344 (2d ed. 1951).

We take judicial notice of the Massachusetts law. So there will be no difficulty on that score.

The plaintiff's theory is that the contract in question was a Massachusetts contract because according to the terms of the receipt given the insured it became effective when (and therefore where) the appropriate official of the insurer, the home office of which is located in that state, approved the application accompanied by a first premium payment. See Restatement, Conflict of Laws § 317, com. a (1934). In any event, she says, since this policy was mailed directly to the insured, it became effective when so mailed. For this contention Section 317 of the Restatement of Conflict of Laws is relied on. It says:

> "When an insurance policy becomes effective upon delivery by mail, the place of contracting is where the policy is posted."

We shall assume for the purpose of this discussion that a Pennsylvania court, were this case before it, would call this a Massachusetts contract and say that its validity is governed by Massachusetts contract law. We do the same. Klaxon Co. v. Stentor Elec. Mfg. Co., 1941, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477.

The next argument made by the plaintiff asks for a much longer step on our part. She cites to us a Massachusetts statute as follows:

> "No oral or written misrepresentation or warranty made in the negotiation of a policy of insurance by the insured or in his behalf shall be deemed material or defeat or avoid the policy or prevent its attaching unless such misrepresentation or warranty is made with actual intent to deceive, or unless the matter misrepresented or made a warranty increased the risk of loss."
> 5A Mass.Ann.Laws c. 175, § 186.

Then, she argues, "questions of intent to deceive * * * except in the most

flagrant cases, are questions for the jury." Note that the plaintiff does not even claim that these are always jury questions but simply urges that only in the most "flagrant" cases should they be taken from the jury, citing Massachusetts cases.

For the purpose of this case, but only for the purpose of this case, we shall assume that a federal court sitting in a diversity matter will handle the problem of court determination or jury determination as the state court would. We do not here need to decide whether in all instances that would be true or not. See the discussion in Byrd v. Blue Ridge Rural Electric Cooperative, Inc., 78 S.Ct. 893.

 It is undisputed that matters of procedure are determined by the forum according to its own law. As the Restatement of Conflict of Laws puts it, Section 592, "The law of the forum governs all matters of pleading and the conduct of.proceedings in court." Section 594 says: "The law of the forum determines whether an issue of fact shall be tried by the court or by a jury." In Croll v. John Hancock Mut. Life Ins. Co., 3 Cir., 1952, 198 F.2d 562, 564, this Court held that "Pennsylvania courts apply the law of the forum in determining when an issue such as fraud should be submitted to the jury." Plaintiff says this is not a correct statement of the Pennsylvania conflict of laws rule. With that we disagree. Moreover, we think, as the court thought in the Croll case which involved facts similar to those now before us, that this is the kind of situation in which a Pennsylvania court would make its own ruling and not leave the matter to the jury's determination. That is all the clearer from the Croll case because the members of the court were in disagreement and the result was reached after the differences of opinion were set forth in the majority and minority opinions. We abide by what was there decided.

The judgment of the district court will be affirmed.