Arthur G. CARSON et ux., et al., Appellants,

v.

CITY OF FORT LAUDERDALE, Appellee.

No. 18822.

United States Court of Appeals Fifth Circuit.

July 31, 1961.

Carl V. Wisner, Jr., C. Shelby Dale, Fort Lauderdale, Fla., for appellants.

Francis K. Buckley, City Atty., Fort Lauderdale, Fla., for appellee.

Before JONES and BROWN, Circuit Judges, and DE VANE, District Judge.

DE VANE, District Judge.

The parties will be referred to here as they were in the Court below.

This is a suit brought by a group of freeholders and their spouses (the complaint names sixty-six), residents of an area known as the Coral Ridge section of Fort Lauderdale, Florida, under Section 1331 of the Judicial Code, 28 U.S.C. § 1331, to enjoin proposed action of the city officials to abolish sewage disposal through the use of septic tanks and to provide instead for sanitary sewers and storm sewers to be installed throughout the city.

It is charged in the complaint that defendant proposes to levy an assessment upon the property owners to finance the improvement and a monthly charge for sewerage services rendered when the installation is completed. No taxes have so far been levied upon the property owners and no sewerage service charges established, but the complainants allege that the defendant through its appropriate officers are proposing such charges and assessments.

Plaintiffs oppose this proposal on the ground that in 1947, after a severe hurricane had struck the city and caused great damage to it, defendant passed a resolution to levy a 10% tax on all utility service charges, which provided that the monies collected from this tax were to be placed in a public improvement fund to be used, among other things, to pay the cost of installing storm sewers and sanitary sewers in the City of Fort Lauderdale. A referendum was held in October, 1947, on this proposal and it was approved by the taxpayers. A 10% utility tax as approved by the voters was thereupon levied by the city.

Plaintiffs claim that only a small percentage of the tax monies collected has been spent on sanitary sewers and storm sewers. They contend the taxes were used for purposes other than the original authorization approved by the voters and that defendant has diverted the utility tax receipts for other improvements not called for in the authorization. Plaintiffs, therefore, seek an injunction to restrain the city from carrying forward its plan to install sewers and make the consequent assessments and service charges. In the alternative, plaintiffs pray that if the Court should find plaintiffs will be benefited from the storm and sanitary sewers that defendant be required to pay for these sewers from funds which plaintiffs say were realized in the past from the utility tax rather than by new assessments.

The District Court granted defendant's motion to dismiss for lack of Federal jurisdiction and this appeal was taken to test the District Court's judgment.

While the allegations of the complaint as amended are somewhat confusing, an examination of the more pertinent subsections of the prayer for relief as set forth in the complaint and amended complaint indicates that plaintiffs are first seeking a declaration as to what their rights are, and then upon the Court's declaring what rights accrue to the plaintiffs by virtue of their position as citizens and taxpayers, they seek a mandatory injunction to require defendant to make a full disclosure of the use of the utility tax money in the past and to enjoin the collection of the proposed assessments and monthly service charges, limiting the city to the use only of money derived from the utility tax to establish the proposed storm and sanitary sewers.

Congress has prohibited Federal Courts from taking jurisdiction in cases such as this. Title 28 U.S.C. § 1341 provides that:

"The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."

Federal Courts are always reluctant to interfere by injunction with the fiscal affairs of the state and it is accepted practice to relinquish their jurisdiction in favor of the state courts in respect to such matters, if the Federal rights of the plaintiffs can be there preserved without impairment. Federal Courts also

abstain from interfering with the states' fiscal affairs where the state remedy at law is plain, adequate and complete.

The complaint alleges no circumstances wherein a plain, speedy and efficient remedy may not be had in the courts of Florida. They merely allege that "the fact is that no plain, speedy and efficient remedy may be had in the courts in the State of Florida in respect of such assessments." That allegation is a mere conclusion of the plaintiffs and is totally insufficient to meet the requirement of Section 1341. Edwards v. E. I. DuPont De Nemours & Co., 5 Cir., 1950, 183 F.2d 165. Federal Courts are required to take judicial notice of state laws. 28 U.S.C. § 1652. McDermott v. John Hancock Mutual Life Ins. Co., 3 Cir., 1958, 255 F.2d 562, certiorari denied 358 U.S. 935, 79 S.Ct. 324, 3 L.Ed.2d 306.

To mention only a few of the numerous Florida Statutes that provide plain, speedy and efficient remedy for the plaintiffs in this case, the Court first calls attention to Florida Statutes, Section 196.01, 1959, F.S.A., which provides:

"Courts in chancery in this state shall have jurisdiction in all cases involving the legality of any tax, assessment or toll, and shall inquire into and determine the legality, equality and validity of the same under the constitution and laws of Florida, and shall render decrees setting aside such tax, assessment or toll, or any part of the same, that shall appear to be contrary to law * * *."

The Florida Declaratory Decree Act, Florida Statutes, Section 87.01 et seq., F.S.A., provides clearly a plain, speedy and efficient remedy to test the right of the defendant city to proceed with its sewer program. Section 87.12 of the Declaratory Decree Act provides:

"The circuit court may order a speedy hearing of an action for a declaratory decree, judgment or or-der and may advance it on the calendar."

While other laws of the State could be referred to, this is sufficient on this point.

There can be no doubt that in Florida the proposed sewerage assessments would constitute a tax. This was decided many years ago in Roesch v. State ex rel. Wyman, 1911, 62 Fla. 270, 56 So. 562. To the same effect see Spencer v. Merchant, 1888, 125 U.S. 345, 8 S.Ct. 921, 31 L.Ed. 763; Parsons v. District of Columbia, 1898, 170 U.S. 45, 18 S.Ct. 521, 42 L.Ed. 943.

In this case plaintiffs lean heavily on Myles Salt Co. v. New Iberia & St. Mary Drainage District, 1916, 239 U.S. 478, 36 S.Ct. 204, 60 L.Ed. 392, and Denton v. City of Carrollton, Georgia, 5 Cir., 1956, 235 F.2d 481. These cases are not in point on the issue before us here. Myles Salt Co. v. New Iberia Drainage District, supra, arose in the State Court of Louisiana and went from the Supreme Court of that State to the Supreme Court of the United States. Of course, it is obvious to everyone that the Constitution of the United States is as applicable to and controlling upon state courts as it is federal courts. So in this case plaintiffs do not lose any constitutional rights by being forced to first try their issues in a state court instead of a federal court. Denton v. City of Carrollton, Georgia, supra, went off on an entirely different question. The District Court could have assumed jurisdiction in that case because Congress by legislation had pre-empted the field through enactment of the National Labor Relations Act as amended by Labor-Management Relations Act of 1947, 29 U.S.C.A. § 141 et seq., 28 U.S.C. § 1337.

The complaint, having failed to state a cause of action giving the District Court jurisdiction, was properly dismissed and the action of the District Court in dismissing said complaint was correct and is

Affirmed.