JOHNSTON vs. THE CITY OF OSHKOSH and another.

ASSESSMENTS *for city improvements; work let without notice to the owner.*
PLEADING: *averment that land was exempt from taxation.*

1. Where, by a city charter, lot owners are to be notified to do work on streets adjoining their lots, before contracts for such work are let, an assessment upon the lot to pay for the work done by contract without such notice, is invalid.

2. A provision in such charter that the directions therein given for assessing lands and levying and collecting taxes and assessments, shall be deemed only directory, and no error or informality in the proceedings of the officers entrusted with the same, not affecting the substantial justice of the tax itself, shall affect its validity, *held* to apply only to, proceedings after the debt or liability for which a tax is levied, has been lawfully created. In case of such failure to notify the lot owner, no liability on his part is created.

3. An answer to a claim of tax title (under ch. 22, Laws of 1859), that the land was not liable to taxation, without specifying the ground of exemption, *held* bad on demurrer.

APPEAL from the Circuit Court for *Winnebago* County.

Action to establish the plaintiff's title to a lot in the city of Oshkosh, under a tax deed executed by the city treasurer in 1864, upon a sale in 1859, for the taxes assessed in 1858. The defendant *Stringham* was the owner of the lot when the tax was assessed, but in 1860 conveyed it to the *City of Oshkosh*, by warranty deed. The defendants answered, 1. That the lands were not liable to taxation, at the time when, &c.; but no cause of exemption is specified. 2. That all taxes of 1858 on said lot were paid before said sale. 3. That the sale was "for the non-payment of an alleged improvement tax; that no notice was ever given to the defendant *Stringham*, who was the owner of said premises, they being unoccupied at the time, requiring him to do any work, for the non-performance of which by him said lands would be liable to assessment for the year 1858;" and that no tax for improvements was assessed or levied on the said premises for the said year 1858.

A general demurrer to the first and third defenses was sustained; and defendants appealed.

*Earl P. Finch*, for appellant:

1. The first defense is in the language of the statute (sec. 38, ch. 22, Laws of 1859), and is sufficient. *Jarvis v. Hamilton*, 16 Wis., 574: *Schroeppel v. Corning*, 2 Coms., 132; *Hunt v. Dutcher*, 13 How., 538; *Foot v. Harris*, 2 Abb., 454; *The People v. Bennett*, 6 id., 343; *Ford v. Babcock*, 2 Sandf., 518, 523; *Cole v. Jessup*, 6 Seld., 96; *Bell v. Yates*, 33 Barb., 627. If the defense is not sufficiently definite and certain, the remedy is by motion and not by demurrer. *Flanders v. McVickar*, 7 Wis., 372; *Bach v. Bell*, id., 433.

*L. W. Halsey*, for respondent, contended that the first defense is bad, not stating any facts, but merely a conclusion of law. 1 Chitty on Pl., 213–14, 540; Van Santv. Pl., 355–6, 249, 253–4, 265; 2 Duer, 673; 4 How. Pr., 502, 98; 5 id., 14; 13 Barb., 147; 17 id., 482; 1 Code R., 91. 2. Under that provision of the charter which declares that no error or informal-

ity in the proceedings, &c., not affecting the substantial justice of the tax, shall affect its validity, it is doubtful whether the failure to give the owner of the land notice, as alleged, would amount to a defense if well pleaded, and accompanied by a deposit of the tax, interest, &c., required by sec. 38, ch. 22, Laws of 1859. But there being no statement (as required by that section) of " the fact that such deposit has been made, and the amount thereof, and that defendant is ready to pay such portion of the costs and disbursements in said action as shall be adjudged just and reasonable," the answer is totally insufficient.

DIXON, C. J. The charter of the city of Oshkosh, under which the taxes were assessed and the lands sold, provides (secs. 4 and 6, ch. 7, Pr. Laws of 1856, pp. 244–5), that notice shall be given by the street commissioners of any public improvement determined upon by them, to the owners or occupants of the lots or parcels of land fronting on any street, alley or sidewalk ordered to be graded, graveled, planked or paved, requiring such owners or occupants to do the work mentioned in such notice, within a reasonable time therein to be specified ; and if such work shall not be done within such time, the commissioners shall enter into a contract for the doing thereof. It is alleged in the third separate defense made by the answer, that no such notice was given to the defendant *Joseph Stringham*, who was then the owner of the lot in question, the same being at that time unoccupied ; and that allegation is admitted by the demurrer. This is an insuperable objection to the validity of the taxes for the non-payment of which the deed was executed. The street commissioners had no power to enter into the contract without having given the notice. *Kneeland v. Milwaukee*, 18 Wis., 411.

Section 19 of chapter 8 of the charter, p. 253, provides that " all the directions hereby given for the assessing of lands and

the levying and collecting of taxes and assessments, shall be deemed only directory, and no error or informality in the proceedings of any of the officers entrusted with the same, not affecting the substantial justice of the tax itself, shall vitiate or in any wise affect the validity of the tax or assessment." It is contended for the plaintiff that the giving of the notice is only directory, and that the omission does not avoid the tax. It is obvious that the provisions of this section do not apply to the notice, but are intended to govern the proceedings of the officers after the debt or liability for which the taxes are assessed or levied, has once been lawfully created. Without any debt or liability the very ground work of the tax is wanting, and there can be no valid assessment or levy. As well might the municipal authorities attempt to assess or levy a tax without any improvement having been directed at all, or without its having been made. But if this section does apply to the notice, it is still within the exceptions contained in the section itself. Every one having had the slightest experience in such matters knows that the right reserved to owners and occupants to make the improvements themselves is a substantial right, and one which cannot be dispensed with without very great danger of oppression and injustice.

The first separate defense contained in the answer, and which is demurred to, is not well pleaded. The grounds of exemption from taxation are numerous, and the facts showing the property not to have been liable should have been stated.

*By the Court.*—The order of the court below is affirmed as to the first separate defense, and reversed as to the third; and the cause remanded for further proceedings according to law.