H. W. HAWLEY v. THE CITY OF FORT DODGE, *et al.*, Appellants.

Sidewalk Construction: ORDINANCES.   Where an ordinance authorizes the city council to order the construction of a sidewalk, by resolution which shall be served on the adjoining lot owners, and provides that in case the owner fails to construct the walk within the time fixed, the work shall be done on contract at his expense, service of the resolution is a condition precedent to the right to have the walk constructed at the expense of the lot owner.

*Appeal from Webster District Court.*—HON. B. P. BIRD-
SALL, Judge.

THURSDAY, OCTOBER 28, 1897.

ACTION to enjoin the collection of an assessment for
the cost of constructing a temporary sidewalk in front
of lots owned by plaintiff in the defendant city. Decree
for plaintiff, and the defendants appealed.—*Affirmed.*

*Blake & Mitchell* for appellants.

*Frank Farrell* for appellee.

GRANGER, J.—The Defendants, other than the city,
are the treasurer of the city and the treasurer of the
county. In 1873 the city council of Fort Dodge adopted
an ordinance of which the following is a part: "The city
council may, by resolution passed by two-thirds of the
whole number of councilmen composing such council,
order the laying of a temporary plank sidewalk at a cost
not to exceed forty cents per lineal foot, and may
require the same to be kept in repair. Such temporary
sidewalk shall be laid upon the natural surface as near
as practicable without regard to grade, until the street
wherein they are laid shall have been permanently
improved, and the cost of such temporary sidewalk shall
be assessed against the property in front of which the
same shall be laid, and the resolution therefor shall
describe the kind and character of said walk, and the
material of which the same shall be constructed, and
the time within, and the street and place along which
the same shall be constructed." In 1877 the city coun-
cil amended the ordinance of 1873, and the following is
a part of the amendment: "Section 1. Be it ordained
by the city council of the city of Fort Dodge, that when-
ever such construction, improvement or repair is

ordered as provided in section first, second and fifth of
the above named ordinance, such resolution shall be
served by the city marshal upon resident lot owners,
and agents of non-resident owners, and if there be
none, then by publication for two consecutive weeks, on
non-residents, in some newspaper printed in said city,
and in case the owner of the property along the said
street or highway, where such construction, improve-
ment or repair is ordered, shall fail to make the same
within the time fixed in such resolution, then the same
shall be constructed as provided by said resolution, and
the officer, contractor or person under whose supervis-
ion such construction, improvement or repair shall have
been made, shall return to the city council a detailed
statement of the cost thereof, opposite each lot, or part
of lot, parcel of land along which the said construction,
improvement or repair shall have been made, with the
name of the owner or owners thereof, when known to
him, and thereupon the city council shall, by resolution,
declare an assessment against such lot, part of lot, or
parcel of land, and the owner or owners thereof, if
known, of the costs of such construction, improvement
or repair, together with all the costs and expenses con-
nected therewith." In March, 1892, the following reso-
lution was adopted for the construction of the side-
walk in question: "Be it resolved by the city council of
the city of Fort Dodge, that there is hereby ordered
temporary sidewalks from west end of Farley street
bridge along blocks 33 and 37, Duncombe's subdivision
of West Fort Dodge, Iowa; thence running along the
south side of the street on the north side of block 10,
and on the west side of block 10 of West Fort Dodge,
Iowa."

It will be seen that the ordinances of the city under
which the council proceeded specify the notice to be
given to lot owners where it is sought to make the cost

of sidewalks a burden on the lots. There is something of a showing of the service of a notice by the marshal of the city, but it is too slight to be entitled to credence. His testimony amounts to no more than saying: "I guess I did serve the notice, but I have no knowledge on the subject." The service of the resolution in one of the ways provided in the ordinance was a condition precedent to a right to have the walk constructed on contract at the expense of the owner of the lots. The city was as much required to observe the ordinance as the lot owner. The ordinance contemplates the right of the lot owner to construct the walk himself, after notice. The lot owners, whether resident or non-resident, must take notice of the ordinances as they may operate for or against them; and the city must, to justify the imposition of such burdens by virtue of such ordinances, do the things necessary to give them effect. The giving of the notice in the way and of the kind specified in the ordinances is precisely what the city had engaged to do by its enactment, of which all persons were required to take notice. This case is not within the rule of *Gatch v. City of Des Moines*, 63 Iowa, 718; *Ford v. Town of North Des Moines*, 80 Iowa, 636; or *Trustees of Griswold College v. City of Davenport*, 65 Iowa, 633, and like cases. They treat of an absolute right to notice before the assessment can be made effective. In this case there is a failure to give a prescribed notice. It is not necessary to consider other questions. The judgment is AFFIRMED.