[No. 5609.]

[No. 2519 C. A.]

THE CITY OF DENVER ET AL. v. DUNNING ET AL.

1. Cities and Towns—Construction of Sidewalks—Notice.

Under section 2, article X, of the charter of the city of Denver, of 1885, as amended in 1889, providing for the construction of sidewalks, a failure to give notice to lot owners to con-

struct sidewalks, as provided in said section, would invalidate an assessment against the lots of such owners to pay the costs of constructing sidewalks by the city.

**2.  Cities and Towns—Public Improvements—Sidewalks—Denver City Charter.**

The provision of the charter of 1893 of the city of Denver, to the effect that the determination by the city council, that certain preliminary steps in the construction of public improvements have been taken, is final and conclusive, is not applicable to the construction of sidewalks under section 2, article X, of the charter of 1885, as amended in 1889.

**3.  Same—Limitation—Action to Set Aside Assessment.**

The provision of section 62, article VII, of the charter of 1893, of the city of Denver, relating to public improvements, limiting the time within which actions may be commenced to question the validity of an assessment authorized by said article, to ninety days from the passage of the ordinance making the final assessment, is not applicable to an action to enjoin the enforcement of an assessment on lots to pay the cost of constructing sidewalks under section 2, article X, of the charter of 1885, as amended in 1889.

*Error to the District Court of Arapahoe County: Hon. Frank T. Johnson, Judge.*

Mr. J. M. ELLIS, Mr. GUY LE R. STEVICK, Mr. S. L. CARPENTER, Mr. H. A. LINDSLEY, Mr. H. L. RITTER, for plaintiffs in error.

Mr. JOHN P. BROCKWAY, Mr. JOSHUA GROZIER, for defendants in error.

Mr. JUSTICE MAXWELL delivered the opinion of the court.

Defendants in error, as plaintiffs, brought this action to enjoin the enforcement of an assessment levied upon their property to pay the expenses of laying sidewalks abutting thereon.

To reverse a judgment in their favor, this writ of error is prosecuted.

So far as pertinent to this controversy, section

2 of art. X of the charter of the city of Denver, of 1885, as amended in 1889, is as follows:

"The city council, upon the recommendation of the board of public works, may, by ordinance, order the construction or reconstruction of any sidewalk or sidewalks upon the official grade in the city of Denver. Upon the passage of such ordinance the city clerk shall, by advertisement for ten successive days, in some newspaper published in the city of Denver, notify the owners of property-adjacent to, and abutting upon, the sidewalks so ordered to be constructed or reconstructed, to construct or reconstruct, as the case may be, the same, in accordance with the requirements of, and within the time provided by, said ordinance, which shall not be less than thirty days. If the owner of such property shall fail, within the time specified in the ordinance, to so construct or reconstruct said sidewalk or sidewalks, the board of public works may advertise for thirty successive days, in some newspaper published in the city of Denver, for bids for the construction of such sidewalk or sidewalks under specifications to be prescribed by the board of public works."—Session Laws 1889, 139.

Pursuant to the authority granted by the above provision of the charter, an ordinance (No. 106, 1889) was enacted by the city council of the city of Denver, establishing what is known as East Denver Sidewalk District No. 2.

Section 4 thereof, as amended, is, in part, as follows:

"Upon the passage of this ordinance, or as soon thereafter as practicable, the city clerk of the city of Denver shall, by advertisement for ten successive days, in some newspaper published in the city of Denver, notify the owners of property adjacent to, and abutting upon, the sidewalks so ordered to be constructed, to construct the same, in accordance with

the requirements of this ordinance, by the 10th day of May, 1890; and the owners of property adjacent to, and abutting upon, said sidewalks so ordered to be constructed, shall, by said 10th day of May, 1890, construct the said sidewalks, in accordance with the requirements of this ordinance.''

Pursuant to this ordinance, the clerk published a notice to the owners of property abutting upon certain streets in East Denver Sidewalk District No. 2, to construct sidewalks, in accordance with the requirements of the ordinance.

The complaint alleged, and the answer admitted, that the notice to property owners to construct sidewalks, at their own expense, required by the charter and the ordinance, omitted the streets upon which the property of plaintiffs abutted.

1. Ordinances are for the government and control of the city, and its officers, as well as the citizen.

The charter and the ordinance contemplated the right of the property owner to construct the sidewalk himself, of such material, within the limits provided by the ordinance, as he might select. This right granted to the property owner is a substantial and valuable one, of which he cannot be divested, except in the manner provided by the charter and ordinance.

In *Johnson v. Oshkosh*, 21 Wis. 184, Chief Justice Dixon, in discussing the failure of street commissioners to give notice to lot owners to do work mentioned in said notice, within a reasonable time, to be therein specified, and if said work be not done within such time, the commissioners would enter into a contract for the doing thereof, said:

''Failure to give such notice is an insuperable objection to the validity of the taxes for the non-payment of which the deed was executed. The street commissioners had no power to enter into the con-

tract without having given the notice." And, again,

"Everyone having had the slightest experience in such matters, knows that the right reserved to the owners and occupants to make the improvements themselves is a substantial right, and one which cannot be dispensed with without very great danger of oppression and injustice."

In *DuBuque v. Wooton*, 28 Ia. 571, wherein the effect of a failure to publish a resolution of the city council, providing for the making of certain public improvements, was under discussion, it is said:

"We hold that the publication of the resolution prescribed in the ordinance is necessary in order to authorize the city to enforce, in any manner, the collection of the tax. The ordinances of the city are laws equally binding upon the city and the citizens. They cannot be dispensed with by the city when rights are secured under them, or the exercise of power by the city is regulated by them, or power itself conferred by the charter, flows through them. The city, if these laws require preliminary proceedings or acts necessary to the acquisition of power or rights in particular cases, cannot dispense with their requirements."

The same doctrine is announced in *Ives v. Irey*, 51 Neb. 136; *Rork v. Smith*, 55 Wis. 67; *Hawley v. Ft. Dodge*, 103 Ia. 573.

Many other authorities might be cited to the same effect, some of which are cited in the cases above.

Failure to publish the notice required by the charter and ordinance was a jurisdictional defect, a condition precedent to any action, upon the part of the city authorities, which would authorize them to assess the property of plaintiffs.

The rule announced in the Dumars, Londoner and Kennedy cases, *ante,* that the action of the city

council in determining that certain preliminary steps had been taken, is final and conclusive, is not applicable to the case under consideration, for that the charter under which the sidewalks were ordered and constructed contains no curative provisions, as does the charter of 1893, under which the last above-cited cases arose, and, further, this record is silent as to any action of the city council which can be construed as curative of the jurisdictional defect here relied on.

This case clearly comes within the proposition announced by this court in *City of Denver v. Londoner, ante* 104, wherein it is said:

"It is, no doubt, true, that conditions precedent, which the law points out shall be observed by city authorities in ordering improvements, must be complied with, and that, as a general rule, their failure to do so does not give them jurisdiction to proceed."

11. The ordinance levying the assessment was approved December 1, 1897; published December 3, 1897.

This suit was commenced October 3, 1899.

Section 62, art. VII, Denver charter of 1893 (Session Laws 1893, 131, 225), is:

"No action or proceeding shall be commenced to review any proceedings, or acts, or to question the validity or enjoin the collection of the bonds, warrants or assessments authorized by this article, unless commenced within ninety (90) days after the passage of the ordinance making the final assessment."

It is said that, more than ninety days having elapsed since the passage of the final assessing ordinance, before the commencement of this suit, this action is barred.

The language of section 62 does not admit of the construction contended for by counsel. The "article" referred to in section 62, charter of 1893, *supra,*

is entitled "Public Improvements." The provisions of this article, relating to sidewalks, are radically different from those of the charter of 1885, as amended in 1889.

The assessment here complained of was not authorized by article VII of the charter of 1893, but by article X of the charter of 1885, as amended.

The work for which this assessment is sought to be enforced was performed long previous to the enactment of the charter of 1893, and cannot be controlled by the provision thereof, here invoked.

In *Denver v. Campbell, ante,* p. 162, cited by counsel in support of their contention in this regard, the work for which the assessment was levied was performed under and by virtue of the authority granted by the charter of 1893, which clearly distinguishes that case from the case under consideration, so far as the force and effect of section 62, above quoted, is concerned.

It is not necessary to consider the other questions presented.

The judgment will be affirmed.

*Affirmed.*

Mr. JUSTICE STEELE and Mr. JUSTICE GUNTER concurring.